**MILLER, Plaintiff-Appellant, v. SCOTT, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2196.   Decided November 20, 1952.

Nolan, Boesch & Wolff, Harold L. Shellenberger, Dayton, for plaintiff-appellant.

Harold F. Demann, Mason Douglass, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, PJ:

Upon this appeal on questions of law appellant assigns three grounds of error.   One, the overruling of plaintiff's motion for new trial and motion for judgment notwithstanding the verdict.   Two, that the judgment is contrary to law and three, other errors apparent on the face of the record.

Plaintiff's cause of action was for $500.00 claimed to be due from defendant by reason of his breach of contract between them.   Defendant answered denying the contract as averred in the amended petition and cross-petitioned praying for damages on the contract between the parties as asserted in the answer and in the cross-petition.   The plaintiff replied denying all new matter set up in the cross-petition.   The cause was tried to judge and jury and the jury returned one of the forms of verdicts submitted to it, the substantial parts of which was a finding:

"Upon the issues joined between the Plaintiff and Defendant upon the matter set out in the Plaintiff's petition, in favor of the Plaintiff, and that there is due to the Plaintiff from the Defendant, the said Melvyn A. Scott the sum of Five Hundred ($500.00) Dollars, etc."

A further finding:

"Upon the issues joined between the Defendant and the Plaintiff upon the matters set up in the Defendant's answer and cross-petition in favor of the Defendant, and that there

is due to the Defendant from the Plaintiff, the said Norman Miller, the sum of $2650.00 Dollars. We find, therefore, that there is due from the Plaintiff the said Norman Miller, to the Defendant a balance in the sum of Two Thousand Seventeen and 50/100 Dollars."

We examine the amended petition, answer and cross-petition to define the specific issues drawn between the parties. In the amended petition plaintiff says that:

"Subsequent to June 10, 1945, he assumed the verbal agreement entered into by and between plaintiff's brother and the defendant, Melvin A. Scott, by the terms of which plaintiff agreed to advise and consult with the defendant during the period that the defendant was constructing a residence for himself on Lot" described. "Defendant was to pay for all materials used and labor furnished in the constructing of said residence and was to pay plaintiff for his services as adviser and consultant the sum of One Thousand ($1,000.00) Dollars, Five Hundred ($500.00) Dollars of said sum to be paid at the time of the plastering of said residence and the balance of Five Hundred ($500.00) Dollars to be paid upon completion of the construction." (Emphasis ours.)

The prayer was for the $500.00 balance of the contract price claimed to be due. The answer "denies that the plaintiff assumed an agreement of his brother to advise and consult with the defendant, Melvyn A. Scott, in reference to the construction of a house; denies that there was any contract with the plaintiff or his brother limited to advice and consultation; denies that the defendant was engaged in constructing a residence for himself; admits that the defendant was to pay for materials used and labor performed in the construction of a residence for the defendant; denies that he was to pay the plaintiff the sum of $1000.00 for his services as an advisor and consultant, and specifically denies that there was any contract at any time under which the services of the plaintiff were limited in reference to the construction; admits that he paid the plaintiff $500.00; admits that he has refused to pay plaintiff the further sum of $500.00 and denies that any sum of money whatsoever is due and owing to the plaintiff."

"Further answering, defendant avers that plaintiff assumed the performance of the oral agreement entered into between this defendant and plaintiff's brother whereby plaintiff's said brother had agreed to construct a residence and garage upon the real estate described in the amended petition in a workmanlike manner according to the plans and specification therefor and agreed to furnish all labor and materials required in said construction at a price equal to the cost of all

labor and material furnished in and for said construction plus a sum of $1000.00. (Emphasis ours.)

"* * *

"Defendant avers that plaintiff failed and neglected to construct said residence and garage in a workmanlike manner; that the work of construction performed by plaintiff was faulty and defective, as set forth in the cross-petition of the defendant herein, and defendant is not indebted to plaintiff in any amount whatsoever."

The cross-petition is a substantial re-averment of the second paragraph of the answer in which is set out the contract upon which defendant claims the plaintiff performed the services for which he sued. The cross-petition sets up several specifications wherein it is averred the plaintiff failed to perform his services under the contract in a workmanlike manner. There is a second cause of action in the cross-petition which is not germane to this appeal. The prayer was for $3650.00 the sum total of damages which defendant asserted he had suffered by plaintiff's breach of contract.

The reply was a denial of the contract as set up in the cross-petition and a denial that the plaintiff is responsible for faulty or defective construction, if any exists, for the reason that the defendant acted in the capacity of employer and general contractor and supervisor in order to curtail expenses.

Briefly, the plaintiff asserts that the contract between the parties was that the plaintiff, assuming a contract theretofore made between plaintiff's brother and defendant, was to advise the defendant and consult with him in the choosing of materials and in the erection of the dwelling, the subject matter of the contract; that the defendant himself was responsible for the purchasing of the materials and the construction of the dwelling. The defendant, on the other hand, asserts the contract to be that the plaintiff was a general contractor in full and complete charge of construction of the building and that in such relation he was required through his employees to do the work required in a workmanlike manner and that the contract price was the total cost of material and labor plus $1,000.00.

It will be observed that the plaintiff seeks to recover upon the contract as averred and as testified by him. The defendant denies the right of the plaintiff to recover because the contract sued upon was not the contract under which the parties operated. Manifestly, both cannot be correct. The plaintiff, to recover, must have proven that his contract was restricted as pleaded. The defendant, to recover, must prove that the contract was different and more comprehensive than

set up by the plaintiff and that it was as pleaded by the defendant in his cross-petition.

The trial judge, instructing the jury as to the issues, properly stated the issues arising under the pleadings and considered only the subject matter involved by the pleadings, but, at the conclusion of the charge and without any statement of any issues which would give rise to the presentation of such a verdict, tendered the form of verdict which the jury adopted and returned.

Motion of plaintiff for judgment notwithstanding the verdict and for new trial were overruled.

The trial judge entered a judgment on the verdict as returned.

Appellee insists that the meaning and intent of the verdict is determinable and that the judgment conforms thereto.

We have examined the pleadings with care and have read most of the record. There would be no necessity of reading the record except that it might disclose that by common consent evidence was offered which was at variance with the theory of either party as set out in their pleadings. The record, however, discloses that the testimony adduced by the respective parties strictly conforms to the averments of their pleadings.

In this situation, although we would give every reasonable intendment to the verdict and judgment we cannot reconcile the verdict with the issues drawn. It is not responsive to the pleadings and may not be reconciled therewith. The verdict insofar as it favors the plaintiff is a finding that upon his claim of the contract he is entitled to a balance of $500.00 on the contract price. On the other hand, the verdict for the defendant is tantamount to an express determination that the controlling contract is as asserted by the defendant. These two conditions cannot obtain. The verdict is specific in that in the finding for plaintiff, it asserts that it is upon the "issues joined between the plaintiff and the defendant on the matter set out in plaintiff's petition," and on the finding for the defendant "upon the issues joined between the defendant and the plaintiff upon the matters set up in the defendant's answer and cross-petition."

We have examined the many cases cited by counsel for the parties but we find no reason for discussing them because it is conceded by all parties that if the verdict is not consistent with the issues drawn and cannot be reconciled therewith, it may not be supported.

The controlling principles evolved from the cases is found in **39 O. Jur. 1090:**

"Although no particular form is required, the verdict of the jury, to serve as a basis for a judgment, should be clear, intelligible, consistent and certain. It should import a definite meaning free from any ambiguity, and should show just what the jury intended, so that the court may ascertain from its terms alone, or from its terms when read in the light afforded by the pleadings of which it is the duty of the court to take judicial notice, what judgment to render."

The trial judge was of opinion that the verdict might have been predicated upon a quantum meruit allowance to the plaintiff for his services. In no view of the pleadings or the evidence could plaintiff recover as upon quantum meruit because the parties pleaded and the evidence clearly supported an express contract wherein the compensation to be paid for performance was definite, namely: $1,000.00.

The first and second assignments of error are established upon the record and the judgment must be reversed and cause remanded for further proceedings according to law.

WISEMAN and MILLER, JJ, concur.