KINGERY ET AL., APPELLEES, *v.* KINGERY, APPELLANT.

(No. 2484—Decided September 26, 1958.)

*Messrs. Scharrer & Porter,* for appellees.
*Messrs. Nolan, Boesch & Wolff,* for appellant.

CRAWFORD, J. The essential question presented in this appeal on questions of law is whether two verdicts upon which judgment was rendered in the Common Pleas Court are mutually repugnant and irreconcilable.

Plaintiffs, appellees herein, Fred and Mary O. Kingery, were the parents, and the defendant, appellant herein, Virginia Kingery, is the widow of Hugh L. Kingery, deceased. Virginia Kingery, as administratrix of the estate of Hugh L. Kingery, was also joined as a party defendant.

No bill of exceptions is furnished us. We must therefore examine the pleadings upon which the parties went to trial. In their amended petition plaintiffs named as sole defendant the appellant, Virginia Kingery, and alleged that about March 27, 1951, they loaned Virginia Kingery and Hugh L. Kingery the sum of $2,758.39, repayable upon demand, which demand was made about March 16, 1953; and that the loan was due and unpaid. The prayer was for judgment in that sum with interest.

Virginia Kingery answered denying the existence of the loan and the demand for repayment thereof and alleging that Hugh L. Kingery died on January 23, 1952, that his estate has

been fully administered, and that no claim was made thereon for the alleged loan.

Thereafter Virginia Kingery, as administratrix of the estate of Hugh L. Kingery, was made a party defendant and in that capacity filed a cross-petition alleging that the decedent, Hugh L. Kingery, was in the military service for more than four and a half years, during which time he sent money to the plaintiffs to be held by them in trust for him until he should be released from service and request it; that on March 27, 1951, plaintiffs did return to the decedent the sum of $2,693.78 and promised to repay a balance of $1,500 upon decedent's request; that there is now due the estate of Hugh L. Kingery the said sum of $1,500 for which the administratrix prays judgment.

Plaintiffs answered denying the administratrix's allegations as to financial transactions; and replied to defendant Virginia Kingery's answer, admitting that the estate of their deceased son, Hugh L. Kingery, was administered, otherwise denying generally the allegations of the answer.

The jury returned two verdicts, one finding for plaintiffs and against defendant, Virginia Kingery, in the sum of $2,693.78 on the cause of action set forth in plaintiffs' amended petition; the other finding for the defendant, Virginia Kingery as administratrix, and against the plaintiffs in the sum of $250 on the cause of action set forth in said defendant's cross-petition. Judgment was entered in conformity to these verdicts.

The defendant, Virginia Kingery, alone has appealed, on questions of law.

If one accepts the theory of Virginia Kingery, of course the verdicts are inconsistent, for it is her contention that there was no loan whatsoever from plaintiffs to her and her deceased husband and that the financial transactions among the parties consisted only of the placing in trust of certain monies with the plaintiffs by the decedent.

The jury obviously rejected this theory, but apparently found that there had been a loan from plaintiffs to defendant and the deceased, and *also* that plaintiffs were in possession of certain other monies belonging to the decedent. Plaintiffs' counsel so explains the verdicts, although denying in the pleadings that plaintiffs held any monies of the deceased.

The cases cited by counsel for Virginia Kingery are not determinative here because they involve conflicting versions of a single transaction, instrument or agreement. For example, in the one Ohio case cited, that of *Miller* v. *Scott,* 66 Ohio Law Abs., 308, 117 N. E. (2d), 179, the jury rendered two verdicts, one for each party, upon the same contract. This court necessarily held that the jury could not accept both the conflicting versions of the single contract involved.

Our present case is quite different. Plaintiffs now contend, in opposing this appeal, that more than one transaction is involved and that the jury accepted plaintiffs' theory as to the loan and the defendant-administratrix's theory as to the funds placed in trust. These two verdicts do not constitute what one court, as quoted in the briefs, called "the dividing of an indivisible question."

Without having the evidence before us, we cannot determine whether the two verdicts are either right or wrong, but we do find that they are responsive to and allowable under the pleadings.

Inasmuch, then, as the pleadings do not forbid the conclusions apparently reached by the jury, and inasmuch as we do do not have recourse to the evidence, we must sustain the verdicts and the judgment, which is accordingly affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.