(No. 7060—Decided May 2, 1973.)

APPEAL: Court of Appeals for Summit County.

*Messrs. Blakemore, Rosen, Miller & Norris* and *Mr. A. William Zavarello* of counsel, for appellee.

*Schwab, Sager, Grosenbaugh, Rothal, Fort, Skidmore & Nukes Co.,* L. P. A. and *Mr. Paul G. Perantinides* of counsel, for appellant.

MAHONEY, J. Plaintiff (appellee), Rebecca Johnson, on October 25, 1968, was a passenger in an automobile driven by one Louis Marino. While the automobile was stopped on East Avenue, preparatory to making a left turn onto the Akron Expressway, it was struck in the rear by a vehicle operated by the defendant (appellant), Richard Knipp.

On March 30, 1970, Rebecca Johnson (an infant, born June 30, 1951), commenced an action in the Court of Common Pleas of Summit County, through Wilbur Johnson, her father and next friend, for damages for personal injuries allegedly sustained, as well as for loss of work and the normal pleasures of life. Her father joined her in the action, seeking recovery for hospital and medical expens-

es incurred on her behalf. Rebecca Johnson married on April 3, 1971, and this case came to trial before a jury on June 13, 1972. The defendant admitted liability, and the case was tried and submitted to the jury on the issue of damages only. The jury returned one verdict for $7,700.

Judgment was entered on the verdict and, from that judgment, the defendant has filed this appeal. Defendant claims that:

"1. The trial court erred to the prejudice of the appellant in allowing into evidence testimony concerning the appellant's drinking and alleged state of intoxication after appellant admitted liability and negligence and further in overruling appellant's motion for a mistrial after said evidence was introduced.

"2. The trial court erred to the prejudice of the appellant in permitting Harry W. O'Dell, a medical expert, in answer to a hypothetical question, over the appellant's objection, to state an opinion of a causal relation between the accident and the appellee's alleged loss of work when said question assumed facts not in evidence and omitted other salient facts admitted into evidence.

"3. The trial court erred to the prejudice of the appellant in permitting Andrew Simon, a civil engineer, in answer to a hypothetical question, over the appellant's objection, to state an opinion as to the appellant's automobile speed when the foundation had not been properly laid for said question and when the question did not assume sufficient facts upon which the expert could give an opinion.

"4. The trial court erred in allowing the jury to consider appellee's claim for loss of earnings by overruling appellant's motion to strike from the record all and any testimony in that regard as well as erring in charging the jury on the appellee's claim for loss of wages."

We have reviewed the testimony of Doctor O'Dell, and engineer Andrew Simon, and fail to find any prejudicial error on the part of the trial court in permitting each of them to express an opinion upon hypothetical questions within the scope of their particular expertise.

220

The trial Judge has a great deal of latitude and discretion in the handling of opinion testimony by experts. He obviously found (and the record supports his conclusion) that each question contained sufficient material facts relating to the particular matter on which the expert's opinion was sought. The absence of certain facts, or the failure of proof of others, goes to the weight and credibility of the testimony, and not to its admissibility. The burden falls on the opposing party to discredit or minimize the expert's testimony through cross-examination, just as defense counsel attempted to do in this case. Therefore, we reject the second and third assignments of error.

The fourth assignment of error is likewise untenable. We hold that there was a waiver of the parent's right for loss of services, wages, and other damages, arising out of injuries to his unemancipated child, by virtue of the parent father having brought the action on behalf of his child, and the parent-mother testifying on the child's behalf, and both parents permitting the case to proceed on the theory of the child's right to recover for loss of services and earning capacity during minority, and for medical and other expenses. See: *Bagyi* v. *Miller*, 3 Ohio App. 2d 371; *Furste* v. *Henderson Lithographing Co.*, 13 O. C. C. (N. S.) 536; 67 C. J. S. 747, Parent and Child, Section 43; Annotation, 32 A. L. R. 2d 1083.

The first assignment of error concerns the trial court's ruling, before the taking of evidence, and after the defendant's admission of liability, as follows:

"THE COURT: I'll put it to you this way, Mr. Zavarello: In the event that Mr. Knipp testifies, then certainly what he had to drink, if anything, would be admissible to go to his credibility as a witness and his ability to know the things about which he testified, but in the event he does not testify, then it is my opinion that this evidence is not admissible."

Thereafter, the plaintiff called the defendant for cross-examination, as the first witness in the case. Counsel for the plaintiff interrogated the defendant concerning various facts in the case, but particularly with regard to the

speed of his vehicle and the force of the impact between the two vehicles. After that, questions were asked of the defendant as to how much he had to drink that evening, and the effect of that drinking on his condition at the time of the collision.

The next witness was the plaintiff, who briefly discussed some background facts and the collision. She then described the ''unusual walk'' of the defendant when he got out of his car, and the ''discernible odor of alcohol.''

Plaintiff's next witness was the driver of the car in which the plaintiff was a passenger, Louis Marino was asked to describe what he saw, and he then related a stumbling walk on the part of the defendant while holding onto the car, and the smell of alcohol. The court then struck Marino's conclusions that the defendant was drunk or intoxicated. However, on redirect examination, the court permitted Marino to give his opinion that the defendant was intoxicated. Plaintiff's counsel, during final argument, mentioned defendant's consumption of alcohol and intoxication. In his charge, the Judge admonished the jury not to consider the evidence on consumption of alcohol or intoxication of the defendant as bearing on liability, but rather to consider it only with regard to the witness's credibility and his ability to know the things about which he had testified.

It is a widely recognized principle that evidence of the intoxication of a witness, at the very time of the matter about which he testifies, is relevant on the issue of the credibility of his testimony on that matter; hence, it may be received, if it is otherwise proper, and the manner of its introduction, or the examination eliciting it, is otherwise proper. Annotation 8 A. L. R. 3rd 758.

The question before us is whether this evidence was relevant on the issue of credibility, and whether the manner of presenting or eliciting the testimony was proper.

It is a well established principle in Ohio that, when liability is admitted in a personal injury case, there is no defense, and the only remaining issue is the nature and extent of the injury as such is determinative of the amount

of damages to be allowed. *Cleveland Railway Co.* v. *Kozlowski,* 128 Ohio St. 445.

It is likewise the general rule that the force of the impact is admissible as bearing on the extent of the injuries. Evidence in the trial of a case should be confined to the issues, free from any extrinsic inflammatory or prejudicial matters that could influence the jury. Consequently, extraneous issues foreign to the case, or which are patently harmful to the opposing side, may not be gone into upon opening statements. See: *Maggio* v. *City of Cleveland,* 151 Ohio St. 136; *Macci* v. *Aldred,* 40 Ohio Law Abs. 287; and *Christman* v. *Gurganious,* case No. 6864, Ninth Appellate District (unreported).

In *Jarvis* v. *Hall,* 3 Ohio App. 2d 321, the Scioto County Court of Appeals decided a case factually similar to this one, where the plaintiff called the defendant first for cross-examination, in an admitted liability case. That court held that the plaintiff, by propounding questions relating to intoxication, was attempting to inject immaterial and inflammatory matter and, regardless of motive, it served only to influence the jury on the issue of damages. An analysis of that case shows that the plaintiff had not established any basis or relevancy for the questions relating to intoxication. Defendant's credibility was not in issue because no one had testified to a different speed or a different manner of occurrence.

In the case of *Camerlin* v. *Starr,* 31 Ohio Op. 2d 39, the court found error by the trial court, in failing to grant a mistrial where the plaintiff's lawyer, in his opening statement, mentioned that they were going to prove intoxication to show that the defendant couldn't slow down or control his car. In that case also, the court found error because defendant's "drunkenness was not material upon credibility, since he had not as yet said * * * [anything] which denied that the accident occurred with the speed and in the manner claimed by the plaintiff * * *."

In the instant case, the question arises: Was the defendant's credibility at issue when he was called by plaintiff's counsel, as the first witness, for cross-examination?

No one had testified before him to any matters differently that he had. The fact that plaintiff's counsel anticipated that the plaintiff's witnesses would testify differently than the defendant is not justification to impeach a witness before there is any evidence to the contrary. Plaintiff's counsel knew to what the defendant would testify because he had defendant's deposition. Therefore he, being an able tactician, took advantage of the court's pre-trial ruling and "set the defendant up like a bowling pin." Then, he proceeded to "knock the defendant down" by injecting the inflammatory and prejudicial material, relating to intoxication and alcohol consumption, in his interrogation of two witnesses, as well as on cross-examination of the defendant. Having asked the defendant, upon cross-examination, about speed and impact, plaintiff's counsel believed that he had placed the defendant's credibility in issue and, therefore, could properly impeach him.

Lawsuits, in personal injury cases, are to compensate the injured party, and not to punish the tortfeasor. Criminal courts punish. Civil courts do not punish and, historically, favor admissions of liability by negligent parties. Such admissions would be meaningless, and not forthcoming, if courts were to permit defendants to be "crucified" by evidence which is not material and injected solely to draw sympathy from the jury, or to punish the defendant.

It is the court's duty to see that verdicts are rendered which compensate for injuries. If a case warrants punitive damages, then such damages should be pleaded and proven, and not injected into a case through clever trial tactics and result in compensatory awards.

In the instant case, plaintiff's counsel did not even have to call the defendant, and the defendant might not even have taken the stand in the defense case.

We hold, therefore, that in a case of admitted liability in tort, where the plaintiff calls the defendant for cross-examination, the plaintiff may not attack defendant's credibility by evidence of alcoholic consumption or intoxication. Plaintiff may do so only after the defendant takes the stand, as part of the defense case, and offers testimony

224

which conflicts substantially with the plaintiff's evidence.

Accordingly, we find that the trial court erroneously admitted prejudicial testimony into evidence before the defendant's credibility was in issue on a material fact and, further, that the trial court erroneously permitted the defendant's credibility to be put into issue improperly. Defendant's motions for mistrial should have been granted.

We reverse the judgment of the trial court, set aside the verdict, and remand this case to the trial court for a new trial, in accordance with this opinion.

*Judgment reversed and cause remanded.*

VICTOR, P. J., and WASSERMAN, J., concur.

WASSERMAN, J., retired, was assigned to active duty under authority of Article IV, Section 6(C), Constitution.