HAEHNLEIN, APPELLANT, ET AL., *v.*
HENRY, APPELLEE.

(No. 13026—Decided
September 2, 1987.)

*A. William Zavarello,* for appellant Gerald G. Haehnlein.

*George A. Clark,* for appellee Cecil J. Henry.

BAIRD, J. This cause came on before the court upon appellant's appeal from the order denying his motion for a new trial. We affirm.

Appellee, Cecil J. Henry, was the driver of a vehicle which collided with Gerald G. Haehnlein's truck. Haehnlein filed suit against Henry. Because Henry conceded that he was liable and that he caused some injury to Haehnlein, the matter proceeded to trial only as to the amount of damages.

The jury received a general verdict form for the plaintiff on Gerald Haehnlein's claim. It received a verdict form for the plaintiff and one for the defendant on Mrs. Haehnlein's claim for loss of consortium. Four interrogatories were submitted.

The jury found for Henry on Mrs. Haehnlein's claim. It found for Haehnlein, as required, on the remaining claim and assessed $4,125. However, interrogatory one contained the following:

"What injury or injuries to Gerald G. Haehnlein did Cecil J. Henry's negligence proximately cause?

"None."

After the verdict was announced, the jury was dismissed. The trial court entered judgment for Haehnlein in the amount of $4,125.

Haehnlein filed a motion for a new trial. He alleged that a new trial was mandated by Civ. R. 49. The trial court overruled the motion. Haehnlein appeals, assigning as error:

"The trial court erred in refusing to grant a new trial when the jury's general verdict cannot be reconciled with the answers to special interrogatories, evidencing confusion prejudicial to the plaintiff."

Civ. R. 49(B) provides three remedies where an answer to an interrogatory is inconsistent with the general verdict. The trial court may: (1) return the jury for further consideration of its answers; (2) enter judgment in accordance with the answer; or (3) order a new trial. The options are equally viable and the

choice is entrusted to the trial court's sound discretion. *Wagner* v. *Rollercade II, Inc.* (1983), 11 Ohio App. 3d 199, 11 OBR 294, 463 N.E. 2d 1295.

However, in this case, all three options were not available because Haehnlein did not raise the issue of inconsistency before the jury was dismissed. The record reflects that the trial court read the answers to the interrogatories and then asked counsel if they had anything for the record. Neither party had any response.

The third option, altering the verdict, also is unavailable in view of Henry's concession at trial that his negligence caused Haehnlein some injury for which he ought to recover. Haehnlein now would like the court to grant him his preferred remedy: a new trial.

Under the virtually identical federal rule, the courts have held that an objection to inconsistent answers is waived unless the party raises it before the jury is discharged. *Fernandez* v. *Chardon* (C.A. 1, 1982), 681 F. 2d 42, 58; *Skillin* v. *Kimball* (C.A. 1, 1981), 643 F. 2d 19, 19-20; see *Tennessee Consolidated Coal Co.* v. *United Mine Workers of America* (C.A. 6, 1969), 416 F. 2d 1192. The purpose of the rule is to promote the efficiency of trials by permitting the reconciliation of inconsistencies without the need for a new presentation of the evidence to a different trier. *Fernandez* v. *Chardon, supra,* at 58. This court must concur that:

"* * * To allow a new trial after the objecting party failed to seek a proper remedy at the only possible time would undermine the incentives for efficient trial procedure and would allow the possible misuse of Rule 49 procedures — no evidence of which do we detect in this case — by parties anxious to implant a ground for appeal should the jury's opinion prove dis-

tasteful to them. * * *" *Skillin* v. *Kimball, supra,* at 20.

This court notes that the trial court's instruction to the jury was likely to have caused the jury's confusion. See *Waggoner* v. *Mosti* (C.A. 6, 1986), 792 F. 2d 595, 597. The trial court charged that:

"* * * The defendant disputes the nature and extent of the injuries received by Mr. Haehnlein as a result of the accident, therefore, it is up to you to determine what, *if any,* injury the plaintiff has proved by a preponderance of the evidence directly resulted [in] both the type of injury and the extent of injury * * * from the vehicular accident in question." (Emphasis added.)

However, Haehnlein failed to object to this instruction at a time when the trial court could have corrected the misstatement. *Seeley* v. *Rahe* (1985), 16 Ohio St. 3d 25, 26, 16 OBR 374, 375, 475 N.E. 2d 1271, 1272.

This court holds that Haehnlein waived any objection on grounds of inconsistency by failing to move for the resubmission of the verdict and interrogatory to the jury. Any other decision would encourage jury shopping by litigants, who might preclude resubmission of the verdict merely by waiting to object until after the original jury is discharged. *Cundiff* v. *Washburn* (C.A. 7, 1968), 393 F. 2d 505, 507. *Staff Builders, Inc.* v. *Armstrong* (Dec. 8, 1986), Stark App. No. CA-6855, affirmed in part and reversed in part on other grounds (1988), 37 Ohio St. 3d 298, 525 N.E. 2d 783.

The assignment of error is not well-taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.