**KENNEY, Appellant, et al.,**

**v.**

**FEALKO, Appellee.**

[Cite as *Kenney v. Fealko* (1991), 75 Ohio App.3d 47.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4450.

Decided July 22, 1991.

*Donald L. Guarnieri,* for appellant.

*Mark E. Bumstead,* for appellee.

CHRISTLEY, Judge.

This appeal emanates from a decision of the Trumbull County Court of Common Pleas, denying the motion of appellant, Edna Kenney, for judgment notwithstanding the verdict and/or a new trial. Appellant filed this motion after the jury had returned a general verdict against herself and her husband, John Kenney. Her husband, however, is not a party to this appeal.

The instant action was based upon a traffic accident involving the Kenneys and appellee, John Fealko. This accident occurred on a four-lane highway in Warren, Ohio, shortly after dark on December 27, 1987. At the time of the accident, appellee was operating a garbage truck which he used in his business. John Kenney was driving a small automobile in which appellant was a passenger.

Shortly before the accident, appellee made a left-hand turn onto the four-lane highway and began to proceed south in the outside lane (the lane closest to the berm). At that time, the Kenneys were a short distance behind appellee, also traveling south in the outside lane. Almost immediately upon completing the left-hand turn, appellee began to make a right-hand turn into the driveway of a local business.

Since appellee was moving slowly, the distance between the two vehicles closed quickly. Apparently John Kenney did not see the garbage truck until he was directly upon it. Mr. Kenney drove into the passenger side of the truck immediately before appellee completed the second turn. As a result of the accident, both John Kenney and appellant suffered serious injuries.

In their complaint, the Kenneys alleged that the accident had been caused by the negligence of appellee. At trial, the Kenneys presented testimony indicating that the passenger side of the garbage truck did not have the proper reflectors. They also presented some testimony tending to show that

appellee had swerved left into the inside land before beginning the right-hand turn.

In response, appellee testified that he never went into the inside lane. He also presented evidence establishing that both of the Kenneys were legally intoxicated at the time of the accident.

Besides returning a general verdict in favor of appellee, the jury also answered interrogatories concerning the possible negligence of John Kenney. In addition to specifically concluding that John had violated a traffic ordinance, the jury found ninety-five percent of the negligence was attributable to John, while only five percent was attributable to appellee. The jury was given only a general verdict form concerning appellant's cause of action as her claim was submitted to the jury on a simple negligence theory.

In moving the trial court for a new trial or judgment notwithstanding the verdict, appellant presented two arguments. First, appellant maintained that, as to her, the answers to John Kenney's interrogatories and her own general verdict were inconsistent, and that she was entitled to recover five percent of her damages from appellee. Second, she argued, as she had at trial, that evidence of her intoxication should not have been admitted.

After appellee had responded, the trial court denied appellant's motion. On appeal to this court, she now assigns the following as error:

"1. The trial court erred in admitting evidence of drinking by plaintiff-appellant Edna Kenney, who neither operated the vehicle nor offered testimony with respect to the facts of the accident.

"2. The trial court erred in overruling plaintiff Edna Kenney's motion for a new trial or for judgment notwithstanding the verdict."

Under her first assignment, appellant renews her objection to the admission of evidence concerning whether she was intoxicated at the time of the accident. During the cross-examination of appellant, the trial court allowed appellee to introduce into evidence the results of a blood test which was performed after she was taken to the hospital. These results demonstrated that the blood-alcohol concentration in appellant's blood was greater than twice the legal limit. She now submits that this evidence should have been excluded because it was irrelevant to the facts of this case.

As appellant correctly notes, it was uncontroverted that John Kenney was the driver of the automobile which collided with appellee's truck. It was also uncontroverted that appellant did not interfere with her husband's driving immediately preceding the accident. As a result, there was no question at trial as to whether appellant's actions were a contributing factor in causing the accident.

However, during direct examination, appellant gave testimony concerning her own physical condition immediately after the accident. Also on cross-examination, appellant stated her opinion as to whether her husband's driving skills had been impaired on the evening in question. Thus, as appellee contends in response to appellant's argument, her credibility as a reliable witness at the time of the accident was at issue.

The Ohio Rules of Evidence do not enumerate the various ways in which the credibility of a witness can properly be attacked. Under the common law of this state, though, it is widely recognized that the credibility of testimony can be attacked through evidence of a witness's intoxication at the time of the matter about which the witness seeks to testify. *Johnson v. Knipp* (1973), 36 Ohio App.2d 218, 65 O.O.2d 342, 304 N.E.2d 914; *State v. Boggs* (Jan. 24, 1991), Adams App. No. CA 494, unreported, 1991 WL 13735. Such evidence is relevant to the issue of credibility, since it questions the ability of the witness to correctly perceive the events which allegedly occurred.

Evid.R. 611(B) provides that cross-examination "shall be permitted on all relevant matters and matters affecting credibility." Under this standard and the common-law rule, evidence of appellant's state of intoxication was admissible because it was relevant to the issue of her ability to perceive and hence her credibility.

■ Notwithstanding this analysis, appellant submits that the trial court still should have excluded the evidence under Evid.R. 403. Specifically, appellant argues that the evidence was inadmissible because its probative value was substantially outweighed by the possibility of unfair prejudice or confusion of the issues.

As to this point, this court would note that the trial court emphatically instructed the jury that the evidence concerning appellant's state of intoxication could only be considered as it related to the issue of credibility. The court also stated that it could not be considered in relation to the issue of causation. Thus, the court sought to limit the possibility of prejudice or confusion. Under these circumstances, the court did not abuse its discretion in allowing the introduction of the relevant evidence. Appellant's first assignment is accordingly without merit.

■ In her second assignment, appellant asserts that the trial court erred in denying her motion for post-judgment relief. Although phrased as a single assertion, appellant's argument under this assignment has two parts. First, she maintains that the jury verdict contained an inherent inconsistency. Second, she contends that as a result of this inconsistency, the trial court should have either granted her a new trial or entered judgment in her favor.

As was mentioned earlier, the jury in this case was given specific interrogatories concerning the cause of action of appellant's husband, John. In one of these interrogatories, the jury was asked to apportion between appellee and the husband any negligence which proximately caused the injuries to the husband. In response, the jury attributed ninety-five percent of the negligence to the husband and five percent to appellee.

Because appellant's cause of action against appellee was submitted as a simple negligence claim, the jury was not given any interrogatories. Instead, the trial court merely provided a general verdict form. The absence of any interrogatories concerning appellant was clearly based upon the fact that her role in the accident was not at issue, *i.e.*, it was undisputed that her actions, as a passenger in her husband's vehicle, had not been a contributing factor in causing the accident. Accordingly, since there was no allegation that appellant had been contributorily negligent, there was no need to have the jury apportion the negligence between herself and appellee as was required under the contributory negligence statute. R.C. 2315.19. Contributory negligence was at issue only between appellant's husband and appellee. No objection was raised to the general verdict form by appellant.

Notwithstanding the fact that the jury was not asked to apportion the negligence which had caused appellant's injuries, she now argues that the jury's conclusion as to the negligence between her husband and appellee was inconsistent with the general verdict against her.

In response to this point, appellee submits that the jury verdict was not necessarily inconsistent. Specifically, appellee asserts that while the jury concluded that ninety-five percent of the negligence which had caused the husband's injuries was attributable to him, it could have also found that appellant's injuries had been caused solely by the husband's negligence. Stated differently, it is appellee's position that the jury could have concluded that appellee's negligence had not been a proximate cause of the injuries to appellant.

However, as appellant correctly notes, the facts of this case simply do not support appellee's position. Since appellant was a passenger in the husband's vehicle and was injured at the same time that he was, it inexorably follows that unless appellant's contributory negligence was a factor, the cause of both appellant's injuries and her husband's injuries were the same. Thus, if five percent of the negligence which caused her husband's injuries was attributable to appellee, the same had to be true for appellant's injuries.

Moreover, since appellant did not join her husband as a defendant in this action, appellee would not only be liable to her for five percent of her total damages, but for the entire amount. See *Bowling v. Heil Co.* (1987), 31 Ohio

St.3d 277, 31 OBR 559, 511 N.E.2d 373, in which the Supreme Court expressly held that the doctrine of joint and several liability was still recognized in Ohio. Of course, pursuant to R.C. 2307.31, appellee would then be able to commence an action against the husband for contribution. Nevertheless, since appellee would ultimately be jointly and severally liable, this court concludes that the jury's answers to the interrogatories regarding the husband's claim and the general verdict as to appellant's claim were inconsistent.

Building upon this conclusion, appellant next contends that the trial court should have either granted her a new trial or entered judgment in her favor. In support of this argument, appellant refers to Civ.R 49(B). The last paragraph of this rule states:

"When the general verdict and the answers [to interrogatories] are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."

Emphasizing the last sentence in the quote, appellant argues that once the jury had returned the inconsistent verdict, the trial court was obligated to invoke one of the three options stated in the rule. In addition, appellant argues that once the jury had been dismissed and she filed her motion for post-judgment relief, the court was required to follow one of the two remaining available options.

When read in the context of the entire rule, though, it is manifest that the procedure set forth in the quoted language is only meant to apply when the jury is returning a single verdict, *i.e.*, the stated procedure is only meant to govern the relationship between the answers to interrogatories and the specific verdict to which they relate. As to this point, we would note that Civ.R. 49(B) only refers to a singular general verdict and its accompanying answers. This language supports the conclusion that the rule is inapplicable to this situation in which the jury is asked to return more than one general verdict.

Notwithstanding the foregoing, we do not believe that the trial court lacked the authority to grant appellant's request for post-judgment relief if her motion had been properly raised. Although the precedent on this point is limited, it has been recognized that a trial court can order either a new trial or judgment notwithstanding the verdict when the jury renders conflicting verdicts on multiple claims or causes of action. See, *e.g., Miller v. Scott*

(1952), 66 Ohio Law Abs. 308, 117 N.E.2d 179. However, relief from the verdicts will only be granted in this type of situation when the claims are so interrelated that the conflicting verdicts are illogical, given the facts of the case.

In *Kaye Bros. Pet Supply Co. v. Calvon Corp.* (Oct. 2, 1980), Cuyahoga App. No. 42083, unreported, a wholesaler brought an action to recover damages sustained as a result of the improper construction of a warehouse. Also joining in the suit as a plaintiff was the wholesaler's insurer, which had become partially subrogated to the wholesaler's right to recover as a result of paying a claim. At the conclusion of the trial, the jury returned a general verdict in favor of the wholesaler, but found against the insurance company on its subrogated claim.

On appeal, the insurance company argued that the trial court had erred in rejecting its motion for post-judgment relief. Accepting this argument, the Eighth Appellate District held that given the relationship of the two claims, the verdict against the insurance company was "rationally unexplainable" and accordingly had to be set aside. In support of its conclusion that the trial court should have either granted a new trial or judgment notwithstanding the verdict, the *Kaye* court cited a number of cases from other jurisdictions, which involved multiple claims brought by married couples following an automobile accident. These cases stand for the proposition that when a jury finds in favor of the injured wife, it is illogical for the same jury to deny the husband's claim to recover the medical expenses incurred for the wife.

Although the situation in the instant case is different, the same analysis would apply. As was mentioned previously, both appellant's claim and her husband's claim arose from the same accident. In fact, the sole distinction which can be made between the two relates to their position in their vehicle at the time of impact, *i.e.*, John Kenney was the driver, while appellant was a passenger. Given the facts, this court concludes that it was simply illogical for the jury to find against appellant when the case was submitted only on the issue of simple negligence.

As an aside, we would also note that the record before us strongly supports the inference that the inconsistent verdicts were caused by a misinterpretation of the jury instructions. Nevertheless, as the instructions are not included in the transcript, we must presume that the jury was instructed to find in favor of appellee on John Kenney's claim if John was more than fifty percent negligent. And, we must also presume that the trial court also instructed the jury that the foregoing was not applicable to appellant's claim.

Of course, the actual reason for the jury's actions is irrelevant to the issue before us. The critical point is that the inconsistent verdicts constituted an

error which could have been corrected if the issue had been properly brought to the trial court's attention.

In relation to this issue, appellee maintains that any inconsistency in the jury verdict is not grounds for reversal because appellant failed to object before the jury was dismissed. In support of this assertion, appellee cites *Haehnlein v. Henry* (1987), 41 Ohio App.3d 233, 535 N.E.2d 343.

In *Haehnlein*, a husband and wife brought a negligence action against Henry for injuries allegedly suffered in an automobile accident. As to the husband's claim, the jury returned a general verdict against Henry for $4,125; however, in response to an interrogatory, the jury found that Henry's negligence had not caused any injury to the husband. After the jury had been dismissed, the husband moved for a new trial, citing Civ.R. 49(B).

On appeal from the denial of the motion, the Ninth Appellate District held that the husband waived the opportunity to contest the jury verdict because he had failed to raise the issue of the inconsistency before the jury was dismissed. Although the facts of *Haehnlein* were somewhat unique, in that Henry had admitted his negligence at trial, other appellate courts have followed the foregoing general rule. See *Santill v. Gen. Elec.* (Apr. 4, 1991), Cuyahoga App. No. 58377, unreported, 1991 WL 45559; *Hodge v. Middletown Hosp. Assn.* (Dec. 17, 1990), Butler App. No. CA89–09–120, unreported, 1990 WL 208900. Moreover, this rule was implicitly recognized by the Supreme Court in *O'Connell v. Chesapeake & Ohio RR. Co.* (1991), 58 Ohio St.3d 226, 569 N.E.2d 889.

█ While the instant case involves an inconsistency which is not governed by Civ.R. 49(B), the same type of analysis would be applicable. When a jury returns an inconsistent verdict similar to the one in this case, and a party then objects, a trial court has a number of options, including allowing the jury to consider the matter further. If the objection is not made until after the jury has been dismissed, the party has unnecessarily limited the court's options in dealing with the inconsistency. Plus, as the *Haehnlein* court emphasized, any other result would encourage jury shopping.

The record before this court contains a transcript which concludes immediately prior to closing arguments. There is no indication in this transcript whether appellant objected to the verdicts before the jury was dismissed. Consistent with the general rule that an appellate court must presume the regularity of the trial court proceedings in the absence of a complete transcript, we must accordingly presume that the trial court's denial of appellant's motion was based upon the fact that she did not timely object to the inconsistency in the verdicts. See *Hodge, supra.*

Thus, appellant's second assignment is also without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, J., concurs.

FORD, P.J., concurs in judgment only.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.