**James M. ABRAHAMSEN, Executor of the Estate of Gloria Jean Abrahamsen, deceased, Plaintiff–Appellant,**

v.

**TRANS–STATE EXPRESS, INC.; Ronald E. Reagan, Defendants–Appellees.**

No. 92–4325.

United States Court of Appeals, Sixth Circuit.

Argued March 7, 1994.

Decided May 13, 1994.

Thomas A. Mack (argued and briefed), Cincinnati, OH, Kent O. Stewart, Indianapolis, IN, for plaintiff-appellant.

Philip John Marsick, Jr., (argued and briefed), McCaslin, Imbus & McCaslin, Cincinnati, OH (argued and briefed), for defendants-appellees.

Before: MERRITT, Chief Judge, GUY, Circuit Judge, and ALDRICH, District Judge.[*]

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

MERRITT, Chief Judge.

This case—an automobile accident case—raises questions about the administration of the law of contribution among tortfeasors in Ohio in wrongful death cases. The wife of Mr. Abrahamsen, the plaintiff, was killed in the accident. Mr. Abrahamsen brought a wrongful death action under Ohio law[1] for himself and his wife's next-of-kin (her daughter and parents) against the defendants whose truck collided with the car Mr. Abrahamsen was driving. In assessing comparative fault, the jury found that the defendants were 70% negligent and that Mr. Abrahamsen was 30% negligent.

Using the terminology of Ohio's contributory fault statute,[2] the jury awarded the daughter $100,000 in "economic loss" (monetary benefits that would have been received but for decedent's death) and $250,000 in "non-economic loss" (damages for pain and suffering and loss of society), and it awarded the decedent's parents $50,000 for "economic loss." The defendants' insurer paid the entire amount of the $400,000 in losses to the next-of-kin and now seeks $120,000 in contribution from Mr. Abrahamsen, an amount which represents 30% of the amount paid.

The question before us is whether, under Ohio law, the insurer for the defendant tortfeasors, having paid the next-of-kin, is entitled to contribution from Mr. Abrahamsen. Mr. Abrahamsen argues that the insurer may not receive contribution from him because he is not a "joint tortfeasor" within the meaning of Ohio's contribution statutes.[3] He further says that even if he is liable for contribution as a joint tortfeasor, he should be required to pay 30% of the "economic damages" only. Mr. Abrahamsen also argues that Ohio's wrongful death statute does not expressly provide for contribution to be paid by a contributorily negligent executor for injury to the decedent's next-of-kin. We find that none of plaintiff's arguments has merit and therefore affirm the order of the District Court allowing full contribution.

■■■ Under Ohio law, multiple tortfeasors are jointly and severally liable unless the plaintiff's negligence contributes to the injury. *Eberly v. A–P Controls, Inc.*, (1991) 61 Ohio St.3d 27, 572 N.E.2d 633; *Bowling v. Heil Co.*, (1987) 31 Ohio St.3d 277, 511 N.E.2d 373. But when a plaintiff is also negligent, multiple tortfeasors are jointly and severally liable for plaintiff's "economic loss" only. Multiple tortfeasors are only severally or individually liable for their proportionate share of plaintiff's "noneconomic loss" in such a case. R.C. § 2315.19(D).[4] If a plaintiff is not negligent at all, multiple tortfeasors are jointly and severally liable for both types of losses:

> If a jury returned answers to interrogatories finding no negligence attributable to the plaintiff, then joint and several liability would lie. In that circumstance, the inter-

---

1. R.C. § 2125.02(A)(1) states:

   An action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent....

2. R.C. § 2315.19(B) requires that "[i]f contributory negligence ... is asserted and established as an affirmative defense to a negligence claim," the jury must specify that "portion of the compensatory damages ... that represents economic loss," and that portion "that represents noneconomic loss." Ohio has adopted the rule of comparative fault with respect to negligent plaintiffs. Section (A)(2) of the statute provides that "[c]ontributory negligence ... does not bar the ... complainant from recovering damages ... if the contributory negligence ... of the complainant ... was no greater than the combined negligence of all other persons from whom the complainant seeks recovery."

3. *See* R.C. § 2307.31(A) ("if two or more persons are jointly and severally liable in tort ... for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them."); R.C. § 2307.32(A) ("If a judgment that imposes joint and several liability has been entered in an action against two or more tortfeasors ... for the same wrongful death, contribution may be enforced....").

4. This section of Ohio's contributory negligence statute states in relevant part:

   (b) In relation to ... non-economic loss ... each party ... is liable to the complainant only for the proportionate share....
   (c) In relation to ... economic loss ... each party ... is jointly and severally liable to the complainant for the entire amount of economic loss for which the complainant is entitled to judgment....

rogatory allocating fault among multiple tortfeasors set forth contribution rights among them pursuant to R.C. 2307.32(E). *Eberly,* 61 Ohio St.3d at 35, 572 N.E.2d 633. (footnotes omitted). R.C. § 2307.32(E) instructs that defendants' rights of contribution are determined on the basis of the percentage of fault which the jury allocated to each of them in response to interrogatories. This right of contribution "exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share." R.C. § 2307.31(A).

The next-of-kin are not at fault here. Thus, if the jury verdict finding Abrahamsen 30% at fault for the accident makes him a joint tortfeasor under the Ohio contribution statutes with respect to the losses of the next-of-kin, then he must respond in contribution for his 30% proportionate share of all the damages paid by defendants' insurer to the next-of-kin.

■■■ Under R.C. § 2307.32(E) of the Ohio contribution statute, "answers to interrogatories by a jury ... [in] a wrongful death" action establish the percentage of contribution among "defendants." The statute does not expressly address the liability of a contributorily negligent plaintiff with respect to his or her status as a joint tortfeasor for the purposes of contribution. But, at least one appellate court in Ohio has indicated, sensibly we *think,* that where two parties actively participate in the commission of a tort, they are deemed to be joint tortfeasors. *Mahathiraj v. Columbia Gas of Ohio, Inc.,* (1992) 84 Ohio App.3d 554, 563, 617 N.E.2d 737, 744. We find that the jury's determination regarding Mr. Abrahamsen's negligence makes him a joint tortfeasor under this standard. Although the law of Ohio on the point is less than *completely clear, it appears that* a jury finding of contributory negligence should serve as the basis for a right of contribution under the Ohio statutes. *See Kenney v. Fealko,* (1991) 75 Ohio App.3d 47, 52–53, 598 N.E.2d 861, 864–65 (defendant could seek contribution from plaintiff's husband who was found contributorily negligent as plaintiff in related cause of action).

Therefore, we hold that the answers to interrogatories by the jury in this wrongful death case establish the percentage of contribution among joint tortfeasors, a class which includes Mr. Abrahamsen, whose responsibility for the accident was established by the jury to be 30%. Accordingly, we affirm the district court's order of contribution in all respects.