OPINION
Appellants, Enterprise Rent-A-Car, ("Enterprise"), Clerac, Inc. dba Enterprise Rent-A-Car, and Edward Harmon, employee of Enterprise Rent-A-Car, appeal a decision of the Trumbull County Court of Common Pleas awarding appellees, Joyce and Vernon Morgan, $80,000, plus another $49,517 in attorney fees, upon a complaint seeking damages for malicious prosecution, abuse of process, and loss of consortium. The following facts are relevant to a determination of this appeal.
On October 14, 1994, appellee, Vernon Morgan, rented a new Ford Taurus from Enterprise. The rental agreement called for a daily rental fee of $60.19, including insurance and tax. Because Mr. Morgan did not choose to use a credit card, the agent for Enterprise, Edward Harmon, requested and received a cash deposit of $140, which was approximately $20 more than the expected two-day rental fee of $120.38.
It is clear from the records of Enterprise that Mr. Morgan did not return the vehicle in two days and fell into arrears on his rental agreement. A pattern developed where Mr. Morgan would fall behind in his payments, Enterprise would contact him through his pager number, he would come in and make a payment creating a positive balance, and then he would fall behind again. This pattern continued over a period of approximately one month. As time passed, Mr. Morgan was returning fewer of Enterprise's telephone calls.
On November 18, 1994, Mr. Harmon spoke to Mr. Morgan's son about an outstanding balance and the son responded that he did not know the whereabouts of his father or the car. On that date, Mr. Harmon went to the Warren City Police Department for assistance in obtaining the return of the Taurus. He was referred to the prosecutor's office. There, a criminal complaint was prepared by the prosecutor charging Mr. Morgan with unauthorized use of a motor vehicle. Mr. Harmon signed the complaint.
Four days later, on November 22, 1994, Mr. Morgan returned the automobile to an Enterprise office in Akron, Ohio. Then, on November 26, 1994, Mr. Morgan paid the balance of what he owed on the car rental agreement.
Subsequently, on August 31, 1995, over nine months after the complaint against Mr. Morgan had been executed, Mr. Morgan had occasion to go to the Warren Police Department to assist a friend in recovering an impounded automobile. During that visit, much to his surprise, he was informed that there was a warrant out for his arrest. He was not handcuffed, Mirandized, or locked in a cell. He insisted that there must be some kind of mistake, causing the police to investigate further. Upon learning that the rental car had been returned to Enterprise approximately nine months earlier, the case against Mr. Morgan was dismissed by the Warren Municipal Court that day. In fact, depending on whose version of the events that day is to be believed, Mr. Morgan's arrest lasted either less than twenty minutes, or slightly more than one hour.
On May 16, 1996, appellees filed their action for malicious prosecution, abuse of process, and loss of consortium in the trial court. The case proceeded to a jury trial commencing March 23, 1998. A unanimous jury ruled in favor of appellants on the Morgans' claim of malicious prosecution. However, a split jury voted 6 to 2 in favor of the Morgans on their claim of abuse of process, and the jury voted 7 to 1 in favor of the Morgans' claim for loss of consortium. A split jury also voted in favor of punitive damages by a 6 to 2 margin. Joyce Morgan was awarded $5,000 on her loss of consortium claim while Vernon Morgan was awarded $25,000 for his injuries. Punitive damages were then awarded to the couple in the amount of $50,000. Following a post-trial hearing, the trial court awarded attorney fees to the Morgans in the amount of $49,517. Subsequently, the trial court denied a motion filed by the Morgans for prejudgment interest.
Appellants timely filed a notice of appeal and have now set forth the following assignments of error:
 "1. The trial court erred in denying appellants' opportunity to cross-examine Mr. And Mrs. Morgan on prior arrests.
 "2. The trial court erred to the prejudice of appellants in overruling the motion for directed verdict on the abuse of process claim.
 "3. The trial court erred to the prejudice of appellants in charging the jury on the Fifteenth Amendment.
 "4. The trial court erred to the prejudice of appellants in overruling the motion for a new trial based on jury verdict inconsistency.
 "5. The trial court erred to the prejudice of appellants in overruling the motion for directed verdict on the loss of consortium claim.
 "6. The trial court erred to the prejudice of appellants in denying the motion for a new trial."
In the first assignment of error, appellants contend that the trial court erred in preventing them from cross-examining the Morgans on Vernon's prior arrests. Specifically, appellants claim that since Mr. Morgan claimed his injuries were the direct result of the emotional distress he endured due to his arrest, they should have been permitted to cross-examine the Morgans on Mr. Morgan's similar prior arrests. It is appellant's contention that the fact that Mr. Morgan had been previously arrested on at least two other occasions yet, from which, he suffered no apparent psychological or emotional impact was relevant to his present claims of sleeplessness, depression, and other damages caused by his most-recent arrest.
It is well established that a trial court is vested with broad discretion in determining the admissibility of evidence.Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. "An appellant court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." Id., citing State v. Finnerty (1989),45 Ohio St.3d 104, 107. An abuse of discretion involves more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
Evid.R. 402 provides that relevant evidence is generally admissible, and relevant evidence is defined in Evid.R. 401 to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pursuant to Evid.R. 403(A), however, relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *."
In the case sub judice, it is apparent that Mr. Morgan had previously been arrested in 1971, relative to a robbery at a donut shop. He was held overnight, but no charges were ever filed. Then in 1973, Mr. Morgan was arrested and charged with passing bad checks. The charge was subsequently dismissed. Relative to these prior arrests, the trial court herein ruled that the Morgans could not be cross-examined regarding incidents that occurred approximately twenty-five years earlier. The trial court reasoned that the earlier incidents were too remote in time and, accordingly, the danger of unfair prejudice substantially outweighed any probative value that the two incidents may have had.
Appellants disagree, claiming that the probative value of the two prior arrests was critical to a proper prospective on evaluating the Morgans' claims. In Babb v. Ford Motor Co. (1987),41 Ohio App.3d 174, the Eighth District Court of Appeals stated:
 "* * * the trial court has discretion to determine whether other events or objects are sufficiently similar to contested events or objects that evidence about them has probative value. Leichtamer v. American Motors Corp. (1981), 67 Ohio St.2d 456, 473, 21 O.O. 3d 285, 296, 424 N.E.2d 568, 580. If so, that circumstantial evidence may aid in the resolution of disputed matters. If not, it has no relevance, or `its probative value is substantially outweighed by the danger of unfair prejudice.' See Evid.R. 403(A)." Id. at 177.
In the present case, the trial court reasoned that the prior incidents were too remote in time and did not lead to any convictions. The court also pointed out that Mr. Morgan had established a family and a reputation in the community, implying that the psychological and emotional damage caused by an arrest now would be far greater than twenty-five years earlier. While we may or may not agree with the trial court's ruling on this matter, it surely does not amount to an abuse of discretion. There is a sound basis to differentiate between incidents which did not result in any convictions that occurred twenty-five years earlier and the arrest in question. Furthermore, there is no question but that knowledge of two prior arrests would be prejudicial to the Morgans' case. Thus, we must conclude that the trial court properly excluded this evidence.
Appellants also claim that an incident involving Mr. Morgan which occurred in 1986 should have been admissible. However, while a felony theft charge had been brought against Mr. Morgan at that time, he was never arrested on that charge and it was eventually dismissed. The trial court ruled that this incident was simply not sufficiently similar to have any relevance. Once again, the probative value of that evidence was substantially outweighed by the danger of unfair prejudice. We agree. Mr. Morgan was not under arrest in 1986 nor was he ever detained. The exclusion of this evidence was neither unreasonable, arbitrary nor unconscionable.
Appellants' first assignment of error is without merit.
In the second assignment of error, appellants assert that the trial court erred in overruling their motion for a directed verdict on the Morgans' abuse of process claim.
The Supreme Court of Ohio has held:
 "In order to establish a claim of abuse of process, a plaintiff must satisfy three elements: `(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.' Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 298, 626 N.E.2d 115, 118." Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, 270.
It is appellants' assertion that it did nothing improper. It reported the unauthorized use of a motor vehicle. That set the wheels in motion, leading to a criminal complaint being prepared by the prosecutor's office. Once that was done, appellants contend that the whole matter was out of their hands as they had no authority to withdraw a criminal complaint. Thus, appellants submit that the second element of an abuse of process claim was not satisfied since nothing was done to pervert or abuse the legal system in any way. We disagree.
The act of going to the police station and signing a complaint for unauthorized use of a motor vehicle was proper in all respects. The abuse of process arose, however, when, after learning within ten days that the vehicle had been returned and the balance paid under the rental agreement, appellants failed to notify the prosecutor of those facts. Instead, appellants allowed the prosecutor to continue to believe that the vehicle was still missing and unpaid for. This was a falsehood that appellants allowed to continue until after Mr. Morgan had been arrested. Shortly after the complaint had been filed, Mr. Harmon telephoned Mr. Morgan requesting immediate payment and informing him that a warrant had been issued for his arrest. Yet after the vehicle was returned and the balance paid, neither Mr. Harmon nor any other employee of Enterprise bothered to place a telephone call to the prosecutor. Under the circumstances, we cannot conclude that the trial court erred in overruling appellants' motion for a directed verdict on the abuse of process claim.
Appellants' second assignment of error is without merit.
In the third assignment of error, appellants maintain that the trial court erred by charging the jury on theFifteenth Amendment to the United States Constitution. Specifically, appellants objected to the following portion of the jury instruction:
 "No person shall be in prison [sic] for a debt in any civil action, unless in cases of fraud."
In reviewing the appropriateness of a jury instruction, the instructions must be reviewed in their entirety rather than in isolation. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207,210. As long as the law is clearly and fairly expressed to the jury and they are able to understand it, no reversible error has been committed.
A review of the jury instructions in this case in their entirety reveals that the passage appellants objected to was consistent with the remainder of the instructions which explained, in part, that an abuse of process occurs where a party employs the criminal process primarily as a means of collecting a civil debt. Within the context of how it was presented, there was no danger that the jurors could have found appellants liable just by the mere filing of a criminal complaint while a civil debt was owing. The debt was not the issue, the missing car was the issue. Had Mr. Morgan only returned the car without payment, the criminal case would have been over. Hence, appellants have failed to demonstrate that the jury instructions were erroneous.
Appellants' third assignment of error is without merit.
In the fourth assignment of error, appellants assert that the trial court erred in overruling their motion for a new trial based upon jury verdict inconsistency.
It is apparent that six of the eight jurors voted in favor of the Morgans' claim for abuse of process. It is also apparent that seven of the eight jurors voted in favor of awarding loss of consortium, yet two of those seven had voted against the finding of abuse of process. Similarly, six of the eight jurors voted in favor of punitive damages, but one of those six had voted against the finding of abuse of process. It is appellants' claim that the foregoing jury verdict was internally inconsistent and, therefore, their motion for a new trial should have been granted.
It is clear from the record, however, that no objection was lodged by either side prior to the jury being discharged. Ohio courts, including this one, have previously held that failure to object to an alleged inconsistent verdict prior to the jury being discharged constitutes a waiver. Haehnlein v. Henry (1987),41 Ohio App.3d 233, 234; Kenney v. Fealko (1991), 75 Ohio App.3d 47,55, citing O'Connell v. Chesapeake Ohio RR. Co. (1991), 58 Ohio St.3d 226,228-230. As this court explained in Kenney, at 55:
 "When a jury returns an inconsistent verdict similar to the one in this case, and a party then objects, a trial court has a number of options, including allowing the jury to consider the matter further. If the objection is not made until after the jury has been dismissed, the party has unnecessarily limited the court's options in dealing with the inconsistency. Plus, as the Haehnlein court emphasized, any other result would encourage jury shopping."
Additionally, even if a proper objection had been raised, this court is not convinced that the jury verdict was inconsistent. A juror could logically decide that abuse of process had not occurred but then, accepting his fellow jurors decision to the contrary, conclude that the Morgans were entitled to a certain amount of damages given the finding of liability. While this may have been an unusual occurrence, it was not a fatal inconsistency. Hence, the trial court did not err in overruling appellants' motion for a new trial.
Appellants' fourth assignment of error is without merit.
In the fifth assignment of error, appellants contend that the trial court erred in overruling their motion for a directed verdict on the loss of consortium claim. Appellants argue that a loss of consortium claim is dependant upon bodily injury to the spouse, and that bodily injury does not include emotional distress. Hence, since Mr. Morgan suffered only emotional distress, Mrs. Morgan was not entitled to damages for loss of consortium.
Appellants are correct in their assertion that a claim for loss of consortium is dependent upon bodily injury to the spouse.Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 93. The key question is whether the term "bodily injury" includes non-physical harms such as emotional distress. Ohio courts, including this one, have repeatedly held that it does not. Tomlinson v. Skolnik
(1989), 44 Ohio St.3d 11, 14; Bowman v. Holcomb (1992), 83 Ohio App.3d 216,219; Vance v. Sang Chong, Inc. (Nov. 9, 1990), Lake App. No. 88-L-13-188, unreported, at 3. Accordingly, we conclude that the trial court in this case erred in overruling appellants' motion for a directed verdict on the loss of consortium claim.
Appellants' fifth assignment of error is sustained.
In the sixth assignment of error, appellants assert that the trial court erred in denying their motion for a new trial. Appellants argue that "[t]he cumulative effect of the errors of the trial court in this case prevented the appellants from obtaining a fair trial."
While the cumulative effect of errors at trial can be considered prejudicial in the right situation, see, State v.DeMarco (1987), 31 Ohio St.3d 191, 196-197, the instant cause does not present a situation where the whole is greater than the sum of its parts. In its brief, appellants point to alleged errors made by the Warren City Prosecutor and the Warren City criminal justice system. These are not the kind of errors that an appellate court can correct on appeal.
Appellants' sixth assignment of error is without merit.
The judgment of the trial court is reversed on the loss of consortium claim, but affirmed in all other respects. Accordingly, the judgment in favor of Morgans is reduced by $5,000.
 ________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.