DECISION AND JUDGMENT ENTRY
This is an appeal from an August 20, 1999 judgment entry of the Lucas County Court of Common Pleas in which the court denied a motion for a judgment notwithstanding the verdict ("JNOV"), but granted a motion for a new trial filed by appellee, Rose Cohen. Appellant, Richard Todd, has presented one assignment of error that is:
 "I. The trial court abused its discretion in granting Plaintiff/Appellee's Motion for New Trial."
Before we address the arguments presented relating to the assignment of error, we will first review the facts and procedure in this case.
On June 19, 1997, appellee filed a complaint in the Lucas County Court of Common Pleas alleging that on June 15, 1996, appellant struck a vehicle that appellee was driving in the left turn lane, with a vehicle appellant was driving. Appellee alleged that as a result of the accident, she suffered from pain in her neck, lower back and head.
Appellant initially denied any liability. However, by the time the case was tried, he stipulated that he was negligent.
The videotape deposition testimony of two of appellee's treating physicians, who are physical medicine and rehabilitation specialists, and of one physician, who is a neurologist hired by appellant to examine appellee, were played at trial. All three physicians agreed that appellee had a medical condition caused by the accident with appellant.
One of appellee's treating physicians said that appellee had myofascial pain syndrome caused by the accident. Her other treating physician said that he considered fibromyalgia and myofascial pain syndrome to be the same thing. He testified that he believed appellee suffered from fibromyalgia caused by the accident. The neurologist called by appellant conceded that it "appears to be correct" that appellee did suffer from myofascial strain due to the accident with appellant.
Appellee testified that she continues to suffer from pain, weakness and fatigue. She said that immediately after the accident with appellant, she suffered from pain in her head, neck, shoulders and down her back into her legs. She sought treatment for the problems and continued to do physical therapy and to take prescribed medications to treat her condition. She conceded that she continued to take vacation trips in various locations around the world and that she had even skied on one vacation. However, she testified that her level of activity on her vacations was greatly reduced from her level of activity on vacations she took before the accident happened.
Appellant testified. He admitted that he caused the accident when he pulled into the lane where appellee was driving without being able to see if anyone was in that lane.
At the close of trial, the trial court instructed the jury: "Thus the only issues that you will be required to decide are as follows: First, did the negligence of Richard Todd proximately cause Rose Cohen to suffer from a condition called fibromyalgia? And two, if you find it did, then what is the amount of damage which Rose Cohen has sustained?"
The jury retired to deliberate. Before it returned a general verdict for appellant, the jury answered no to the following interrogatory: "(A) DID DEFENDANT RICHARD TODD'S NEGLIGENCE DIRECTLY AND PROXIMATELY CAUSE AN INJURY TO THE PLAINTIFF?" Appellee did not object to the verdict, but did request that the jury be polled before it was dismissed. All of the jurors agreed the announced verdict was theirs.
When the trial court filed a judgment entry on July 12, 1999, accepting the jury verdict and entering judgment in favor of appellant, appellee's counsel signed the entry with the notation that the signature was "as to form only." On July 19, 1999, appellee's counsel filed a motion for JNOV or in the alternative for a new trial.
In support of her motion for a JNOV appellee argued that all of the physicians who testified as medical experts at trial agreed that she did suffer injuries caused by the accident with appellant. Appellee acknowledged that the physicians disagreed on the type and degree of injury she suffered, but she argued that the disagreement did not prevent her from recovering some amount of damages for her injuries.
Appellee argued in the alternative that she was entitled to a new trial, pursuant to Civ.R. 59(A)(4)(6), and (7). She argued that the jury awarded her inadequate damages, returned a verdict that was against the weight of the evidence and that the judgment in favor of appellant was contrary to law.
Appellant opposed appellee's motions. Appellant argued that any error associated with the interrogatory answer being inconsistent with the evidence presented at trial was waived because appellee did not object until after the jury was dismissed. Appellant also argued that appellee was not entitled to a new trial because the jury did not award inadequate damages and did not return a verdict that was against the weight of the evidence.
On August 20, 1999, the trial court denied appellee's motion for JNOV, but granted appellee's motion for a new trial. The trial court said in the judgment entry:
 "All the testimony, including the testimony of Defendant's own doctor, was to the effect that Plaintiff had suffered some injury as a proximate result of Defendant's negligence. Thus the Jury's Verdict was against the manifest weight of the evidence, and the Court hereby so finds and so rules."
Appellant then brought this appeal.
In support of his sole assignment of error, appellant first argues that the trial court abused its discretion when it granted a new trial. Appellant says that it is irrelevant that the physicians who testified at trial agreed that appellee suffered some type of injury, because the jury remained free to accept or reject the testimony of all of the doctors. Appellant says the jury correctly decided that appellee did not meet her burden to prove that she suffered injury caused by the accident with appellant. He points to all the evidence presented through appellee's testimony that would permit reasonable minds to conclude that she did not suffer any injury. That evidence showed that following the accident, appellee took several trips, including her ski trip where she skied at three different ski areas, a two-week trip to Aruba, two trips to Florida, a trip to Connecticut and New York, and a trip to South America. Appellant says that the trial court abused its discretion when it sat as a ninth juror and granted a new trial.
In response to appellant's first argument in support of his assignment of error, appellee argues that the trial court did not abuse its discretion when it granted her a new trial. She says that since all of the physicians testified that she was injured as a result of the accident, reasonable minds could only conclude that she was indeed injured. Appellee says that the jury's negative answer to the interrogatory asking if she had any injury caused by the accident was not supported by the manifest weight of the evidence. She quotes from Civ.R. 59(A)(6) to support her assertion that she is entitled to a new trial in this case because the verdict was against the weight of the evidence. Finally, appellee says that even though the jury instructions given to the jury narrowed the issue for decision to whether the accident caused appellee to suffer from fibromyalgia, the interrogatory, drafted by appellant and answered by the jury, asked a much broader question: did appellee suffer any injury caused by the accident. She says that since she showed that she did suffer some injury, even if it was not fibromyalgia, the jury's response that she suffered no injury caused by the accident was against the manifest weight of the evidence.
We begin our analysis of this argument by noting that an appellate court reviewing an order granting a motion for new trial can reverse only if there is an abuse of discretion.Youseff v. Parr, Inc. (1990), 69 Ohio App.3d 679. The Supreme Court of Ohio has stated: "`the term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. Lowe (1994), 69 Ohio St.3d 527, 552
quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
After reviewing the record in this case, we agree with appellee that the trial court did not abuse its discretion in this case when it granted a new trial on the basis that the verdict was against the weight of the evidence. When a trial court considers whether a jury verdict is against the weight of the evidence, the trial court must determine whether there is some competent, credible evidence to support the verdict. See C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. In this case, the trial court specified that all of the evidence presented at trial by expert witnesses confirmed that appellee did suffer some injury as a proximate result of the accident caused by appellant's admitted negligence. Therefore, the trial court found, by implication, that the jury verdict was not supported by some competent, credible evidence.
While appellant can argue that appellee's damages were not significant as shown by her continued trips and activities, that does not establish that appellee had no injury and does not show that the trial court abused its discretion when it granted a new trial. In addition, the confusion created by the jury instruction directing the jury to decide if appellee had fibromyalgia caused by the accident and the more general interrogatory asking the jury to decide if appellee suffered any injury caused by the accident buttresses the reasonableness of the trial court's determination that a new trial was justified in this case.
The second, and final argument presented by appellant in support of his sole assignment of error in this case is that the trial court should not have considered appellee's motion for a new trial because appellee waived her right to object to the jury's verdict. Appellant contends that appellee had to object to the jury's verdict before the jury was dismissed. He says that appellee should have asked for a brief recess so the jury's answer to the interrogatory asking whether appellee sustained injury caused by the accident could have been addressed. In support of his argument he cites to a case decided by the Eleventh District Court of Appeals of Ohio in 1991 in which the court said that a trial court did not abuse its discretion when it denied a motion for a new trial when the party seeking the new trial failed to object to the inconsistency of a jury verdict before the jury was dismissed. Kenney v. Fealko (1991), 75 Ohio App.3d 47.
Appellee responds that she did not waive her right to seek a new trial just because she did not object to the jury's answer to the interrogatory before the jury was dismissed. She says that the case relied upon by appellant merely established that a trial court does not commit error if it denies a motion for a new trial or JNOV if there is no objection to an inconsistent jury verdict before the jury is dismissed. She says that finding does not mean that all objections are waived if they are not raised before the jury is dismissed or that a trial court may not exercise its discretion to consider objections later raised and to grant a new trial.
Our own review of the case relied upon by appellant, Kenney v.Fealko, 75 Ohio App.3d 47, shows that it is inapplicable to the circumstances in this case. In Kenney v. Fealko, id., the jury returned a general verdict that was inconsistent with an interrogatory answer. Id. at 50. The trial court refused to grant a new trial to one of the plaintiffs, and the appellate court affirmed the trial court's judgment, saying:
 "When a jury returns an inconsistent verdict similar to the one in this case, and a party then objects, a trial court has a number of options, including allowing the jury to consider the matter further. If the objection is not made until after the jury has been dismissed, the party has unnecessarily limited the court's options in dealing with the inconsistency." Id. at 55.
The Kenney v. Fealko court was not reviewing a case where the interrogatory answer was consistent with the general verdict and a party subsequently argued that the general verdict was against the weight of the evidence, as we are in this case. In this case, the trial court's options were not limited by the timing of the motion for a new trial (i.e. that it was filed after the jury was dismissed). We therefore find that appellee did not waive her right to file a motion for a new trial and that the trial court did not abuse its discretion when it granted the motion. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Peter M. Handwork, J., Melvin L. Resnick, J., Richard W. Knepper,P.J., CONCUR.