OPINION
Appellant, Western Reserve Care System, appeals a decision of the Trumbull County Court of Common Pleas granting a motion filed by appellee, James L. Marshall, for judgment notwithstanding the verdict in a medical negligence action. The following facts are relevant to a determination of this appeal.
On January 21, 1997, appellee filed a medical negligence complaint in the trial court against appellant, in addition to Harold O. Firster, D.P.M., and Susan G. Woods, M.D. Woods, at all relevant times, was an employee of appellant. The complaint stemmed from the care and treatment of appellee's diabetic foot ulcers. Appellee alleged that due to negligent treatment he received from the defendants, he was forced to undergo a foot amputation and, subsequently, another amputation just below his knee.
The case proceeded to a jury trial commencing March 29, 1999. Following presentation of the evidence, the trial court issued written jury interrogatories in regard to comparative negligence. No objections were made to the interrogatories. Responses to the written interrogatories established that the jury found appellant, Western Reserve Care System, negligent in its care of appellee, and that this negligence proximately caused injury to appellee. The jury also found that appellee was, himself, negligent, and that this negligence proximately caused injury to himself. The jury also determined that appellant's negligence was fifty percent and appellee's negligence was fifty percent, and that the total amount of damages sustained by appellee was $98,280.40. In accordance with their instructions, the jury then returned a general verdict in favor of appellant.
On May 14, 1999, the trial court entered judgment on the verdict. On May 25, 1999, appellee filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. Appellee claimed that the jury interrogatories were inconsistent with, and irreconcilable to, the general verdict returned in favor of appellant. Specifically, appellee claimed that pursuant to Ohio's comparative negligence statute, R.C.2315.19, since he was found to be only fifty percent responsible, he should have been allowed a recovery against appellant. The trial court agreed and, on September 30, 1999, judgment was entered in favor of appellee in the amount of $49,140.20, which represented fifty percent of the total damages, less $15,000 as stipulated by counsel, which had already been paid to appellee as a settlement by defendant Harold O. Firster, D.P.M.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error:
 "The trial court committed prejudicial error by granting plaintiff-appellee's motion for judgment notwithstanding the verdict."
 In its sole assignment of error, appellant contends that the trial court erred by granting appellee's motion for judgment notwithstanding the verdict. Appellant does not dispute that the trial court's judgment, on its merits, was the correct outcome. The original jury instructions misstated Ohio's comparative negligence law as set forth in R.C. 2315.19(A)(2). Instead, appellant's argument centers on appellee's failure to object in a timely manner to the jury instructions or jury interrogatories, or to raise the issue of jury verdict inconsistency prior to the jury being discharged. Appellant asserts that appellee's failure to timely raise an objection constituted a waiver of the issue and, thus, it was error for the trial court to grant appellee's motion for judgment notwithstanding the verdict. We disagree.
It is well established that errors arising in the trial court, which are not called to the court's attention at a time when the error could have been corrected or avoided, are waived, absent plain error. The Supreme Court of Ohio has stated:
 "The plain error doctrine provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error at trial. Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223, * * *. The plain error doctrine may be utilized in civil cases only with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Cleveland Elec. Illum. Co. v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268, 275 * * *." (Citations and parallel citations omitted.) LeFort v. Century 21 Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124.
 In the present case, these were exceptional circumstances and the granting of appellee's motion for judgment notwithstanding the verdict was necessary to prevent a manifest miscarriage of justice. The jury heard the evidence and made its factual determination regarding proximate cause, the division of liability and the amount of damages. That much is undisputed. After determining that the plaintiff and the defendant were each fifty percent responsible for the injuries, the jury, pursuant to the trial court's erroneous instruction, entered a general verdict in favor of the defendant. It is clear that, as a matter of law, the instruction given to the jury was incorrect. As long as the plaintiff's negligence is no greater than the combined negligence of all other persons, the plaintiff is entitled to recover. R.C. 2315.19(A)(2). Here, based upon the jury's findings, appellee was entitled to recover as his negligence was no greater than the combined negligence of all other parties.
Appellant argues that by failing to file a timely objection, the trial court was deprived of the use of its "most important tool," that being the opportunity to return the case to the jury for further consideration of its answers and verdict. It is clear, however, that such an exercise would be a futile waste of judicial economy. Upon being properly instructed on the law in Ohio, the jury would have merely applied its findings to reach the proper result, which the trial court did with a simple judgment entry.
Trial courts should be encouraged to correct obvious errors that occur so as to prevent manifest injustice. That is what the trial court did in the present case. The proper result has occurred, and we will not disturb this result due to the failure of an attorney to raise a timely objection. This case is a prime example of why the plain error doctrine exists.
We also note that while appellant has characterized this case as one involving jury verdict inconsistency, it is more a case of an improper jury instruction. Appellant cites O'Connellv. Chesapeake Ohio R.R. Co. (1991), 58 Ohio St.3d 226, to support its claim that a failure to timely object to jury inconsistency constitutes a waiver of that issue on appeal. However, O'Connell involved a true inconsistent verdict where a close examination of the jury interrogatories reveals that two jurors had voted in favor of apportionment of fault who had not voted on the issue of negligence. Without reading the jury interrogatories to see which jurors comprised the majority on each issue, the court would not be able to detect an inconsistency in the verdict.
In the present case, the jury was simply given an improper instruction. In fact, at first, the trial court gave the jury the proper instruction with respect to comparative negligence. Later, mistakenly, the trial court gave the jury the improper instruction which resulted in a verdict contrary to the law in Ohio. This explains why the jury proceeded to decide damages even though they entered a general verdict for the defendant.
Thus, the case sub judice is factually distinguishable from the O'Connell decision which involved jury interrogatories which were completed in such a manner by the jury as to be inconsistent. Similarly, cases from this district cited by appellant are also distinguishable. In Loutor Sales v. S MHouse Movers Riggers (Mar. 25, 1994), Ashtabula App. No. 93-A-1813, unreported, the appellant failed to provide this court with a transcript of proceedings from the trial court and it appeared to this court that the pleadings were consistent with the judgment and the evidence as determined by the trial court. Thus, it was not clear that an alleged inconsistency in the jury instructions actually resulted in an improper verdict. Additionally, the inconsistency in the jury instructions was one of fact rather than one of law, as occurred in the instant action. Thus, it would not have been possible for the trial court inLoutor to correct the jury's verdict by itself. Hence, the fact that the jury had already been discharged was crucial in that case, whereas it was not in the present case.
In Lazzaro v. Picardini (Jan. 24, 1992), Lake App. Nos. 91-L-023, 91-L-024, unreported, we noted that the general rule is that an objection to inconsistent jury answers is waived unless raised before the jury is discharged. However, we also held that no inconsistency existed and, therefore, we affirmed the decision of the trial court denying a motion for judgment notwithstanding the verdict. Accordingly, Lazzaro is also distinguishable because no inconsistency was present in that case.
Finally, in this court's decision in Cooper v. MetalSales Mfg. Corp. (1995), 104 Ohio App.3d 34, we again noted that a timely objection should be made when the trial judge has the opportunity to correct an inconsistency by returning the case to the jury, entering judgment in accordance with the answer, or ordering a new trial. Id. at 42, citing Haehnlein v. Henry
(1987), 41 Ohio App.3d 233, syllabus. By waiting until the jury has been discharged, the best option that of returning the case to the jury for clarification becomes unavailable. Thus, similar to the Loutor case, the fact that clarification from the jury was critical at a time when such clarification was impossible, makes Cooper distinguishable from the case at bar. It is clear that all of these cases are factually distinguishable from the one now before us.
Based upon the foregoing analysis, the trial court properly granted appellee's motion for judgment notwithstanding the verdict. Appellant's sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.