OPINION
Jan E. Davis appeals from a judgment of the Miami County Court of Common Pleas, General Division, which awarded Scott D. Sherwood's motion for a new trial.
The record reveals as follows. In June 1997, a dog owned by Davis ran into the roadway and collided with a motorcycle being driven by Sherwood. As a result of the collision, Sherwood lost control of his motorcycle and suffered multiple injuries.
In March 1999, Sherwood filed a complaint against Davis and United Healthcare of Ohio, Inc. ("UHC"). The complaint alleged that Davis had been negligent in allowing her dog to enter the roadway. The complaint also stated that UHC had been Sherwood's insurer and thus was being joined in the action to protect its subrogation rights. In April 1999, Davis filed an answer admitting that she had owned the dog. In May 1999, UHC filed a letter with the trial court stating that it did not wish to assert any subrogation rights and that it would not be making an appearance in the case.
In March 2000, Davis filed a motion in limine asking that the trial court exclude all evidence of the medical bills paid by UHC. The motion stated that UHC had paid approximately $1,500. The trial court overruled the motion in limine in April 2000.
A jury trial was held on April 18-19, 2000. At trial, Davis stipulated that she was statutorily liable for her dog running at large pursuant to R.C. 955.28(B). She did not, however, stipulate to the issue of the proximate cause of Sherwood's injuries. The jury awarded Sherwood a general verdict of $2,288. Jury interrogatories reveal that the jury calculated this amount as follows: $1,000 for nature and extent of injuries, effect upon physical health, and inability to perform usual activities; zero for medical expenses; zero for pain and suffering; and $1,288 for lost wages.
On April 24, 2000, Sherwood filed a motion for a new trial. Davis responded to Sherwood's motion on May 4, 2000. On May 19, 2000, the trial court granted Sherwood's motion for a new trial only on the issues of medical expenses and pain and suffering.
Davis now appeals the trial court's May 19, 2000 decision. She advances four assignments of error on appeal. We will address the assignments in an order that facilitates our discussion. Because the issues raised in the second and third assignments of error are interrelated, we will consider them together.
 I. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF A NEW TRIAL AS TO THE MATTERS OF MEDICAL EXPENSES AND PAIN AND SUFFERING ONLY WHERE THE PLAINTIFF WAS AFFORDED THE OPPORTUNITY TO HAVE THE JURY INSTRUCTED FURTHER AND DELIBERATE FURTHER AS TO THOSE ISSUES BY THE TRIAL JUDGE BUT DECLINED THAT OPPORTUNITY WHILE THE JURY WAS STILL EMPANELED.
After the jury verdict was read in open court, the following exchange took place in front of the jury:
 [SHERWOOD'S ATTORNEY]: * * * I think obviously the decision is contrary to the evidence * * *.
* * *
 THE COURT: Do you wish for the Jury to reconsider the amount of pain and suffering?
* * *
 [SHERWOOD'S ATTORNEY]: * * * [T]hat is not the only element that is obviously inconsistent with the evidence. I don't think this Jury can cure that by reconsidering pain and suffering. I wish I could.
THE COURT: Okay.
 [SHERWOOD'S ATTORNEY]: It can't be cured, so I'm not requesting it. I don't think that would work.
The jury was then excused from the courtroom and the following discussion took place:
 [SHERWOOD'S ATTORNEY]: * * * [T]he reason I say you can't do it * * * is they cannot on this evidence not award medical expenses [or pain and suffering]. * * * [T]he award is wrong from both respects.
 THE COURT: Would you want me to-the Jury is still here, do you want me to order them to reconsider the medical expenses and pain and suffering?
 [SHERWOOD'S ATTORNEY]: That is-do I want that, no, because I think this Jury has demonstrated an overwhelming disrespect for the law, or their perception of the law, and I do not believe that that would be in my client's best interest to do. So no, I'm not, I'm objecting to the inconsistency of the Verdict, but I don't think that would be cured by that.
THE COURT: [Davis's attorney]?
[DAVIS'S ATTORNEY]: Nothing, Your Honor.
* * * [discussion about preparation of judgment entry]
 THE COURT: * * * What we need to do-probably the best way to handle this at this point might be to talk about settlement before you leave here, as far as any further appeals and so forth. It might be in everyone's best interest to do that at this point. * * * Don't you think? I mean, this is a good time to do that since everyone's here, cause I'm sure there's going to be a motion for a new trial and all that, and rather than bring everybody back and rehash it, it might be a good idea to just have you discuss that while you're all here.
In its decision granting Sherwood's motion for a new trial, the trial court concluded that, in declining its invitation to return the jury for further deliberations to cure the supposedly inconsistent verdict, Sherwood's attorney waived Sherwood's right to a new trial on that issue. The court did grant Sherwood's motion for a new trial, however, after finding that the jury's verdict was against the manifest weight of the evidence.
Davis now argues that the trial court erred in granting Sherwood's motion for a new trial because under Civ.R. 49(B), the trial court should have returned the jury for further deliberations instead of later ordering a new trial.
Civ.R. 49(B) states, in part:
 When one or more of the [interrogatory] answers is inconsistent with the general verdict, judgment may be entered * * * in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.
If a party fails to raise an objection to an inconsistent interrogatory answer before the jury is discharged, such objection is waived. Haehnleinv. Henry (1987), 41 Ohio App.3d 233, 234, 535 N.E.2d 343, 344-345.
The interrogatory answers in this case were not inconsistent with the general verdict. The interrogatory answers indicate that the jury awarded $1,000 for nature and extent of injuries and $1,288 for lost wages. The sum of these numbers, $2,288, equals the exact amount of the general verdict that was awarded by the jury. Thus, Civ.R. 49(B) did not apply to this case.
Davis further argues that the trial court's distinction between the verdict being inconsistent and the verdict being against the manifest weight of the evidence "is a distinction without substance" and that Sherwood's waiver should apply to both issues.
Civ.R. 59(A)(6) allows a trial court to grant a new trial when the judgment is not sustained by the weight of the evidence. Thus, there is a distinction between a new trial that is awarded due to an inconsistent verdict pursuant to Civ.R. 49(B) and a new trial that is awarded because it is against the weight of the evidence pursuant to Civ.R. 59(A)(6).
The first assignment of error is overruled.
 IV. THE TRIAL COURT ERRED BY GRANTING A NEW TRIAL FOR FAILURE TO INCLUDE PAIN AND SUFFERING IN RESPONSE TO JURY INTERROGATORIES WHERE A SEPARATE AWARD FOR NATURE AND EXTENT OF INJURIES, EFFECT UPON PHYSICAL HEALTH, AND INABILITY TO PERFORM USUAL ACTIVITIES IN THE AMOUNT OF $1,000 WAS MADE BY THE JURY.
Davis argues that the trial court erred in concluding that the jury's award was against the manifest weight of the evidence.
"[I]n ruling on a motion for a new trial, the trial court is afforded wide discretion in determining whether a jury's verdict is against the manifest weight of the evidence, for the court must ensure, in its supervisory capacity, against a miscarriage of justice." Osler v.Lorain (1986), 28 Ohio St.3d 345, 351, 504 N.E.2d 19, 24. The trial court's discretion to grant a new trial on grounds that the verdict is against the manifest weight of the evidence, however, is not absolute. A jury's verdict "cannot be set aside lightly by conclusory statements of the trial judge not grounded in the evidence. It is axiomatic that the trial court cannot simply substitute its opinion for that of the jury."Whites v. DeBartolo Realty Partnership (Oct. 8, 1998), Cuyahoga App. No. 73336, unreported (quotation omitted).
We will reverse the trial court's order for a new trial premised on the weight of the evidence only if an abuse of discretion is shown. Malonev. Courtyard By Marriott Ltd. Partnership (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242, 1248-1249; Rohde v. Farmer (1970), 23 Ohio St.2d 82,262 N.E.2d 685, paragraph one of the syllabus. An abuse of discretion implies more than an error of law or of judgment; it requires that the court's attitude was unreasonable, arbitrary or Cunconscionable. In reJane Doe 1 (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1184. In reviewing the trial court's decision to grant a new trial, we must view the evidence favorably to the trial court's action rather than to the original jury's verdict. Rohde, 23 Ohio St.2d at 94, 262 N.E.2d at 692. "This deference to a trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the `surrounding circumstances and atmosphere of the trial.'" Malone,74 Ohio St.3d at 448, 659 N.E.2d at 1249, quoting Rohde 23 Ohio St.2d at 94,262 N.E.2d at 692.
In its decision granting a new trial, the trial court concluded that the jury's verdict was against the manifest weight of the evidence because the jury had failed to award Sherwood any money for medical expenses and pain and suffering when Davis's own expert had agreed that Sherwood had incurred reasonable and necessary medical expenses as a direct and proximate result of the accident and that Sherwood had suffered some injury. Because the trial court set forth facts which constituted a reasonable basis for the determination that the verdict was against the manifest weight of the evidence, we cannot conclude that the trial court abused its discretion in granting Sherwood's motion for a new trial on the issues of medical expenses and pain and suffering.
The fourth assignment of error is overruled.
 II. THE TRIAL COURT ERRED BY REFUSING TO INSTRUCT THE JURY CONCERNING PAYMENT OF MEDICAL EXPENSES BY UNITED HEALTHCARE WHERE UNITED HEALTHCARE WAS A NAMED PARTY DEFENDANT TO THE ACTION AND RESPONDED TO THE COURT BY LETTER THAT THERE [sic] WERE NOT PURSUING THEIR SUBROGATION RIGHTS FOR RECOVERY OF MEDICAL EXPENSES PAID.
 III. THE TRIAL COURT ERRED BY REFUSING TO ADMIT INTO EVIDENCE THE LETTER FROM UNITED HEALTHCARE, THE REAL PARTY IN INTEREST AS TO CERTAIN MEDICAL EXPENSES, THAT THEY WERE FOREGOING THEIR RIGHT TO PURSUE SUBROGATION RIGHTS IN THIS ACTION DESPITE BEING NAMED A PARTY DEFENDANT TO THE ACTION.
The record reveals that while the jury was deliberating, it sent the following question to the judge:
 Medical expenses: Since [UHC] paid the doctors and hospitals[,] can we stipulate that the money goes back to the insurance companies?
The trial court answered:
 You are to render your verdict without regard to payments made by insurance companies. Thank you for your service.
Apparently, the issue of insurance coverage arose in the jurors' minds because medical bills submitted by Sherwood as exhibits at trial revealed that certain medical payments had been made by health insurance companies.
In these assignments of error, Davis argues that the trial court erred in refusing to admit evidence regarding UHC`s involvement in the case and its decision to not pursue subrogation rights because UHC was "the real party in interest" in this case.
The supreme court has stated:
 An insured who is injured by a tortious act retains his ownership of the resultant claim for damages against the tort-feasor in that he may, in the absence of a motion or a raising of the issue of joinder, maintain an action thereon in his own name for the full amount of damages, even though he has made a partial assignment of the claim to an insurer.
Holibaugh v. Cox (1958), 167 Ohio St. 340, 345-346, 148 N.E.2d 677,681-682, quoted by Carville v. Estate of Phillips (August 25, 2000), Miami App. No. 99CA52, unreported. Thus, although UHC was a named defendant, Sherwood was a real party in interest in this case and was able to maintain an action against Davis for the full amount in his name alone.
Further, based upon the record, it does not appear that Davis's attorney made any objection when Sherwood's attorney moved the medical bills exhibit into evidence. Because Davis failed to raise an objection to the admission of the medical bills exhibit, she waived any argument regarding the admission of that exhibit on appeal. Evid.R. 103(A).
The second and third assignments of error are overruled.
The judgment of the trial court will be affirmed.
 _________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concur.