OPINION *Page 2 
{¶ 1} Defendant The American Suzuki Motor Corporation appeals a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff-appellee Jeffrey Williams. American Suzuki Motor Corporation, hereinafter referred to as ASMC, assigns five errors to the trial court:
 {¶ 2} "I. THE DIVIDED JURY'S VERDICT IN FAVOR OF APPELLEE ON HIS CSPA CLAIM IN THE AMOUNT OF $1,800.00 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 3} "II. THE TRIAL COURT ERRED BY DENYING ASMC'S MOTION FOR A DIRECTED VERDICT ON APPELLEE'S CSPA CLAIM.
 {¶ 4} "III. THE TRIAL COURT ERRED BY DENYING ASMC'S MOTION FOR SUMMARY JUDGMENT ON APPELLEE'S CSPA CLAIM.
 {¶ 5} "IV. THE TRIAL COURT ERRED BY TREBLING APPELLEE'S DAMAGES UNDER THE CSPA.
 {¶ 6} "V. THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE $19,454.10 IN ATTORNEY'S FEES ON HIS CSPA CLAIM."
 {¶ 7} ASMC's statement pursuant to Loc. App. R. 9 (A)(4) regarding appeals from decisions on motions for summary judgment asserts the trial court's judgment was inappropriate as a matter of law based upon the undisputed facts.
 {¶ 8} On June 18, 2005, appellee Williams purchased a new Suzuki VL800 motorcycle from J J Motors, Inc., a defendant in the trial case which is not a party to this appeal. The motorcycle was covered by a one-year limited express warranty from ASMC, and appellee purchased a three-year extended warranty. *Page 3 
 {¶ 9} Appellee testified the motorcycle first malfunctioned the day he purchased it, on the way home from the dealership. Appellee returned the motorcycle to J J for service at least five times. Despite performing numerous diagnostic tests and multiple test drives of the motorcycle, the dealership was never able to duplicate the malfunctions appellee reported. Other than a minor valve and clutch adjustment, J J never performed any repairs on the motorcycle, and never charged appellee for any of the dealership visits.
 {¶ 10} Appellee testified there were serious safety defects in the motorcycle, including backfiring, stalling, hesitation while in motion, and a strong raw fuel smell. Eventually, he stopped using the motorcycle.
 {¶ 11} Appellee brought claims against ASMC, including violations of the Ohio Lemon Law, R.C. 1345.71 et seq.; breach of express and implied warranties under the Magnuson-Moss Warranty Act, 15 USC 2801 et seq.; and the Consumer Sales Practices Act, R.C. 1345.01 et seq. Appellee brought claims against J J Motors as well, and those claims were settled prior to trial. Appellee filed a motion in limine to exclude any reference to the settlement with J J at trial, which the trial court sustained.
 {¶ 12} The matter proceeded to a jury trial. At the conclusion of appellee's case in chief, ASMC moved for a directed verdict, and renewed its motion for directed verdict at the close of all evidence. The court overruled both motions.
 {¶ 13} After a three day trial, the jury returned a verdict in favor of appellant on his Consumer Sales Practices Act claim. The jury found appellant's actual damages *Page 4 
were $1,800. The jury found in favor of ASMC on the Lemon Law and breach of warranty claims.
 {¶ 14} The jury was presented with seven interrogatories. Interrogatory No. 6 states: "With regard to plaintiffs claim under the Ohio Consumer Sales Practices Act, was there a practice or pattern of inefficiency or incompetency or continually stalling by the defendant in its dealings with the plaintiff with regard to the motor vehicle involved in this case?" Six jurors responded "yes".
 {¶ 15} Jury Interrogatory No. 7 states: "Did the defendant commit any other unfair or deceptive act before, during, or after any transaction which the plaintiff had with the defendant? If so what is the amount of actual damages which you find that the plaintiff is entitled to recover?" The jury answered "yes" to Interrogatory No. 7, and they found the actual damages are $1800.
 {¶ 16} On October 27, 2006, the trial court entered judgment on the verdict consistent with the jury's findings. On November 10, 2006, appellee filed a motion for attorney fees and on November 15, 2006, he filed a motion requesting the court award him treble damages, for violation of the Consumer Sales Practices Act. The trial court sustained appellee's motion for treble damages, and after a hearing, awarded him attorney fees in the amount of $19,454.10, and costs in the amount of $1,523.75.
 I. {¶ 17} In its first assignment of error, ASMC argues the jury's verdict is against the manifest weight of the evidence. This argument is in two prongs: the verdict is contrary to law, and Williams did not prove his damages. *Page 5 
 {¶ 18} ASMC's argument there was no evidentiary basis for the jury's verdict on the Consumer Sales Practices Act claim requires us to construe the statutes and determine whether the court interpreted and applied them correctly. After we determine whether the trial court was correct in its decision regarding what is required under Ohio law, we can determine whether appellee presented sufficient competent and credible evidence going to each element of his claim, and proved his damages.
 {¶ 19} When we consider an appeal from a trial court's interpretation and application of a statute, we conduct a de novo review, which requires us to make an independent review of the statute without any deference to the trial court's determination. State v. Standen,173 Ohio App. 3d 324, 2007-Ohio-5477, 878 N.E. 2d 657, at paragraph 7, citations deleted.
 {¶ 20} In reviewing claims the verdict is against the manifest weight of the evidence, we construe the evidence in favor of the prevailing party. Seasons Coal Company, Inc. v. City of Cleveland (1984),10 Ohio St. 3d 77, 461 N.E. 2d 1273. Because we defer to the jury's verdict, if we find the judgment is supported by some competent and credible evidence which goes to each element of the claim, we must affirm the judgment.
 {¶ 21} ASMC correctly states a unanimous jury rendered verdicts in its favor on appellee's breach of warranty action, and as such, breach of warranty cannot be the basis for the jury's verdict in favor of appellee on his Consumer Sales Practices Act claim. ASMC argues for the jury verdicts to be internally consistent and supported by the evidence, there must be competent and credible evidence ASMC engaged in *Page 6 
deceptive behavior. ASMC states the record is completely devoid of such evidence, and thus, the jury's verdict is not supported by the evidence.
 {¶ 22} ASMC misstates Ohio law.
 {¶ 23} R.C. 1345.03 states: "(A) No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
 {¶ 24} (B) In determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration:
 {¶ 25} (1) Whether the supplier has knowingly taken advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement;
 {¶ 26} (2) Whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers;
 {¶ 27} (3) Whether the supplier knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction;
 {¶ 28} (4) Whether the supplier knew at the time the consumer transaction was entered into that there was no reasonable probability of payment of the obligation in full by the consumer; *Page 7 
 {¶ 29} (5) Whether the supplier required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier;
 {¶ 30} (6) Whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment;
 {¶ 31} (7) Whether the supplier has, without justification, refused to make a refund in cash or by check for a returned item that was purchased with cash or by check, unless the supplier had conspicuously posted in the establishment at the time of the sale a sign stating the supplier's refund policy. * * *"
 {¶ 32} The statutory elements of a violation of the Consumer Sales Practices Act are: (1) the plaintiff is a consumer; (2) the defendant is a supplier; (3) the defendant committed an unfair and/or deceptive and/or unconscionable act or practice; and the act or practice occurred before, during, or after the consumer transaction. ASMC does not dispute that the record contains evidence appellee was a consumer, ASMC is the supplier, and this was a consumer transaction.
 {¶ 33} The basic test for an unfair or deceptive act or practice is one of fairness, and the act need not rise to the level of fraud, negligence, or breach of contract. Wall v. Planet Ford, Inc.,159 Ohio App. 3d 840, 2005-Ohio-1207, 825 N.E. 2d 686, appeal not allowed,106 Ohio St. 3d 1464, 2005-Ohio-3490, 830 N.E. 2d 1170. The act or practice is viewed from the point of view of the consumer, and is an issue of fact to be decided from all the relevant facts and circumstances in a given case, Id., at paragraph 21, citations deleted. *Page 8 
 {¶ 34} Several courts have found a supplier in a consumer transaction who consistently maintains a pattern of inefficiency, incompetency, or who continually stalls and evades the supplier's legal obligations to consumers commits an unconscionable act and/or practice in violation of R.C. 1345.03 (A). See, e.g., Perkins v. Stapleton Buick-GMC Truck,Inc. (June 15, 2001), Clarke App. No. 2001CA10, (wherein the customer took his vehicle back to the dealer on thirteen separate occasions, but the problems were not repaired); Crye v. Smolak (1996),110 Ohio App. 3d 504, 674 N.E. 2d 779 (where the court found several acts which constituted separate violations of the Consumer Sales Practices Act, including failure to timely perform repairs on a consumer's automobile).
 {¶ 35} We find appellee did not have to present evidence ASMC's behavior was actually deceptive. The jury's answer to Interrogatory No. 6 specifically found ASMC stalled, delayed, or acted with a pattern of inefficiency. Our review of the record demonstrates appellee presented evidence from which the jury could reasonably find ASMC's failure to diagnose and repair the motorcycle constituted stalling, delaying, or acting with a pattern of inefficiency. We conclude the jury's verdict that ASMC violated the Consumer's Sales Practices Act is supported by sufficient, competent and credible evidence going to each element, and is not against the manifest weight of the evidence.
 {¶ 36} ASMC also argues the jury based its $1800 award on speculation or conjecture. Damages need not be calculated with mathematical certainty, but cannot be based on mere speculation and conjecture.Allied Erecting Dismantling Co. ., Inc. v. Youngstown,151 Ohio App.3d 16, 783 N.E.2d 523, 2002-Ohio-5179, at paragraph 64. The record contains evidence appellee made loan payments and insurance payments *Page 9 
even though he could not use the motorcycle. He paid for an extended warranty in addition to the one year warranty from ASCM. Appellee testified about the diminution in the motorcycle's value because of its defective condition.
 {¶ 37} We find the jury's determination of damages is not speculative.
 {¶ 38} The first assignment of error is overruled.
 II. {¶ 39} In its second assignment of error, ASMC asserts the court erred in overruling its motion for a directed verdict.
 {¶ 40} Civ. R. 50 (A) states in pertinent part: "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 41} A motion for directed verdict presents a question of law, not fact, even though we review and consider the evidence. O'Day v.Webb (1972), 29 Ohio St. 2d 215, 280 N.E. 2d 896, syllabus 3 by the court. Thus, we review a motion for directed verdict using the de novo standard of review. Cleveland Electric Illuminating Company v. PublicUtility Commission, 76 Ohio St. 3d 521 at 523, 1996-Ohio-298,668 N.E. 2d 889, citation deleted.
 {¶ 42} ASMC's argument is predicated on its assertion appellee had to show its actions were deceptive, and we have already rejected this argument in I, supra. *Page 10 
 {¶ 43} ASMC also argues appellee failed to prove the threshold requirement that the motorcycle was actually defective. ASMC notes appellee introduced no expert or lay evidence of the cause of the backfiring and stalling. In fact, appellee testified he did not know what was causing the problems and neither J J nor ASMC could diagnose what was wrong with the motorcycle.
 {¶ 44} ASMC alleges it presented expert testimony the motorcycle was in perfect condition and free of any defects. At trial, Jerry Monroe, the Senior District Technical Service Manager for ASMC testified. He stated he provided assistance with the repair of Suzuki motorcycles to Suzuki authorized dealerships on a daily basis. Monroe testified he was familiar with the model of motorcycle appellee had purchased.
 {¶ 45} Monroe test-drove the motorcycle, but did not do an in-depth inspection of it. When Monroe pulled in the clutch lever on the left-hand side of the motorcycle and put the transmission in first gear, the engine immediately stalled. Monroe testified he noticed it had "excessive free play" in the clutch lever. This would result in the actual clutch mechanism failing to disengage. Monroe testified a minor adjustment would alleviate the problem, and further, there were illustrations and instructions on how to make the adjustment in the owner's manual. Monroe testified other than the clutch problem, the motorcycle performed properly when he test-drove it. Monroe stated based on his inspection and test ride of the motorcycle, and based on his knowledge, training and experience in the industry, he had formed an expert opinion as to whether the motorcycle had defects in workmanship or materials. Monroe's expert opinion was that there were no defects. *Page 11 
 {¶ 46} The jury was free to believe ASMC's witness, or appellee's testimony the motorcycle malfunctioned to the point he was afraid to ride it. We find the record contains conflicting evidence regarding the condition of the motorcycle, and reasonable minds could differ on the issue.
 {¶ 47} ASMC reiterates its argument regarding the evidence of damages, which we rejected in I, supra.
 {¶ 48} We conclude the trial court did not err in overruling ASMC's motion for directed verdict on appellee's Consumer Sales Practices Act cause of action.
 {¶ 49} The second assignment of error is overruled.
 III. {¶ 50} In its third assignment of error, ASMC argues the trial court should have granted a summary judgment motion and not proceeded to trial on Williams' Consumer's Sales Practices Act claim.
 {¶ 51} Civ. R. 56 states in pertinent part:
 {¶ 52} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to *Page 12 
have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 53} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts.Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427, 424 N.E.2d 311, 21 O.O.3d 267. The court may not resolve ambiguities in the evidence presented. Inland Refuse Transfer Company v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St. 3d 321,474 N.E. 2d 271. A fact is material if it affects the outcome of the case under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App. 3d 301, 733 N.E.2d 1186.
 {¶ 54} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35,506 N.E.2d 212. This means we review the matter de novo. Doe v.Shaffer, 90 Ohio St. 3d 388, 2000-Ohio-186, 738 N.E.2d 1243.
 {¶ 55} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim.Drescher v. Burt (1996), 75 Ohio St. 3d 280, 1996-Ohio-107,662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue *Page 13 
of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts.Henkle v. Henkle (1991), 75 Ohio App. 3d 732, 600 N.E.2d 791.
 {¶ 56} A motion for summary judgment presents a similar standard of review as a motion for directed verdict. Wyszalek v. Rowe ConstructionServices Company, Inc., 148 Ohio App. 3d 328, 2001-Ohio-3104,773 N.E. 2d 560, appeal not accepted for review in 96, Ohio St. 3d 1447, 2002-Ohio-3512, 771 N.E. 2d 261 at paragraph 16, citation deleted.
 {¶ 57} Based upon our reasons set out in I, and II, supra, we find this case presented genuine issues of material fact, from which reasonable minds could draw different conclusions. Accordingly, we conclude the trial court did not err when it overruled ASMC's motion for summary judgment.
 {¶ 58} The third assignment of error is overruled.
 IV. {¶ 59} In its fourth assignment of error, ASMC argues the trial court should not have trebled the jury's award.
 {¶ 60} This argument is based in part on the same arguments presented in I, namely, that appellee did not prove the elements of his case and did not prove his damages. We have already discussed this argument, and rejected it.
 {¶ 61} ASMC further argues that even assuming arguendo appellee did present sufficient evidence at trial to establish a violation of the Consumer Sales Practices Act, *Page 14 
the trial court should not have trebled the damages because the award of $1800 does not represent actual damages as required in R.C. 1345.09 (B).
 {¶ 62} In Interrogatory six the jury found ASMC had committed violations of the Consumer Sales Practices Act. The jury answered "yes" in response to Interrogatory seven's query whether ASMC had committed other unfair or deceptive acts. ASMC asserts the basis of the jury's award could be this "other act" alluded to in Jury Interrogatory seven. ASMC asserts the vague language contained in Interrogatory seven provided no guidance for the trial court to determine whether ASMC's unspecified other act satisfied the statutory requirements for trivial damages.
 {¶ 63} Appellee argues ASMC did not object to the wording of the interrogatory at trial, and thus did not preserve this objection for appeal.
 {¶ 64} Civ. R. 51 (A) provides a party may not assign as error the giving or failure to give of any instruction, unless the party objects before the jury retires to consider the verdict, and the party must state specifically the matter to which he or she objects and the grounds for the objection. Civ. R. 49 provides three remedies when an answer to an interrogatory is inconsistent with a general verdict. The trial court may send the jury back for further consideration of the answer, enter a judgment in accord with the answer, or order a new trial. If the objecting party does not raise the issue of the jury instruction before the jury is discharged, the objection is waived.
 {¶ 65} In Haehnlein v. Henry (1987), 41 Ohio App. 3d 233,535 N.E. 2d 343, the Ninth District held the appellant had waived the objection that the jury's general verdict could not be reconciled with the answers to the special interrogatories because he had not raised the objection before the jury's discharge. The court of appeals noted the *Page 15 
confusion was probably caused by one of the jury instructions, and the appellant failed to object to the instruction at a time when the time court could have corrected the it, Haehnlein at 234, citing Waggoner v.Mosti (CA6,1986), 792 F. 2d 595. The Ninth District Court noted the purpose of the rule is to promote the efficiency of trials by permitting the trial court to reconcile inconsistencies while the jury is still present. Any other decision would encourage jury shopping by litigants, who, in hopes of a more favorable result in a second trial, might choose to wait until after the original jury is discharged to raise the issue of inconsistency. Haehnlein supra, citations deleted.
 {¶ 66} In the case at bar, prior to deliberation, the trial court discussed the verdict forms and explained them to the jury. The record does not demonstrate ASMC objected or asked the court for a more definite instruction or explanation on the issue of actual damages.
 {¶ 67} Jury Interrogatory No. 6 instructed the jury not to proceed to Jury Interrogatory No. 7 unless it answered "yes" to No. 6. Thus, the jury found ASMC had a practice or pattern of inefficiency or incompetency or continual stalling (Interrogatory six), and also committed other acts (Interrogatory seven). The jury specifically found the actual damages is $1800.
 {¶ 68} We find the trial court did not err in trebling the award. The fourth assignment of error is overruled.
 V. {¶ 69} In its fifth assignment of error, AMSC argues the court abused its discretion in awarding appellee attorney fees. *Page 16 
 {¶ 70} Appellee asserts ASMC waived this assignment of error and we should not address it. The parties entered into a stipulation on the issue of attorney fees, but ASMC argues the stipulation did not waive either party's right to appeal the grant or denial of attorney fees.
 {¶ 71} The stipulations states: "The parties stipulate that they each hereby waive further briefing and any requirement the court provide any explanation or basis in its attorney fee decision and request the court to state what amount, if any, attorney fees to plaintiff are appropriate so a final judgment may be entered."
 {¶ 72} We find the stipulation did not waive the issue, and it is properly before this court.
 {¶ 73} R.C. 1345.09 provides:
 {¶ 74} "For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:
 {¶ 75} * * *
 {¶ 76} "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 {¶ 77} "(1) The consumer complaining of the act or practice that violated this chapter has brought an action that is groundless, and the consumer filed or maintained the action in bad faith;
 {¶ 78} "(2) The supplier has knowingly committed an act or practice that violates this Chapter."
 {¶ 79} In Parker v. I F Insulation Company, Inc.,89 Ohio St. 3d 261, 2000-Ohio-151, 720 N.E. 2d 972, the Ohio Supreme Court explained why a trial court, in its *Page 17 
discretion, may award a consumer reasonable attorney fees when a supplier in a consumer transaction intentionally commits an act or practice which is deceptive, fair or unconscionable. The court stated the Consumer Sales Practices Act is a remedial act designed to compensate for traditional consumer remedies and as such must be liberally construed in favor of the consumer. The Supreme Court found many consumers would not sue if they could not receive an award of attorney fees because recoveries under the Act are often small and would not cover the cost of bringing the action. Thus, an award of attorney fees is necessary to remove any monetary incentives for suppliers to engage in unfair, deceptive, or unconscionable acts. The Court concluded an award of attorney fees under the Act will not only benefit the individual consumer, but also the community at large because a judgment may discourage violations of the act by others. Id., at footnote 1, citations deleted.
 {¶ 80} ASMC argues the jury's verdict and answers to the interrogatories are unclear as to what conduct furnished the basis of the violation, and did not demonstrate ASMC intentionally committed any deceptive or unfair act. Appellee cites us to Einhorn v. Ford MotorCompany (1990), 48 Ohio St. 3d 27, 548 N.E.2d 933, wherein the Supreme Court found "knowingly" committing an act or practice in violation of the Consumer's Sales Practices Act means the supplier intentionally engaged in the conduct that violated the Act. The supplier does not have to know its conduct violates the law.
 {¶ 81} The Supreme Court set out the factors a court should consider in determining a reasonable attorney fee. The factors are the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the *Page 18 
professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationships; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. Bittner v. Tri-County Toyota, Inc. (1991),58 Ohio St. 3d 143, 569 N.E. 2d 464. The Bittner court added not all the above factors may be applicable on a given case and the trial court has the discretion to determine which factors to apply and in what manner. Id. at 146.
 {¶ 82} ASMC argues the award of attorney fees was unreasonable in light of the fact appellee prevailed only on one of his causes of action. ASMC alleges prior to trial it made a settlement offer of full re-purchase of the motorcycle plus $9,000 in cash.
 {¶ 83} The results obtained are only one of the factors for the court's consideration, so appellee's election to reject the settlement offer and go to trial is not determinative of the issue. Neither is the fact appellee unsuccessfully brought other causes of action. The transcript of the hearing on attorney fees is 166 pages long. The trial court heard testimony from appellee and four attorneys, and the parties submitted eight exhibits. The trial court had ample evidence before it.
 {¶ 84} We have reviewed the record, and we find the trial court's judgment was not unreasonable, arbitrary or unconscionable, and therefore not an abuse of discretion.
 {¶ 85} The fifth assignment of error is overruled. *Page 19 
 {¶ 86} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Gwin, J., and Hoffman, P.J., and Farmer, J., concur. *Page 20 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1